LARRY EUGENE COBLE v. CHERYL BANKS COBLE (KLASSETTE)

No. 70

(Filed 15 July 1980)

1. **Divorce and Alimony § 24; Parent and Child § 7— support of child—duties of father and mother**

    G.S. 50-13.4(b) and (c) clearly contemplate a mutuality of obligation on the part of both parents to provide material support for their minor children

---

Coble v. Coble

---

where circumstances preclude placing the duty of support upon the father alone.

**2. Divorce and Alimony § 24.9— child support—income and needs of parties—insufficiency of findings to support conclusions**

    The trial court's finding of fact that defendant mother's monthly income was $483.32 plus an indeterminable amount earned from overtime work while her monthly expenses were approximately $510 and that plaintiff father's net monthly income was $825 while the financial needs of the children averaged $432 did not support the trial court's conclusion as to either plaintiff's financial need for child support assistance or defendant's financial ability to provide it; furthermore, while there was evidence in the record from which findings could be made which would support the conclusion that plaintiff was in need of financial assistance from defendant, what the evidence did show was a matter for the trial court to determine in appropriate factual findings.

**3. Divorce and Alimony § 24.9— child support—expenses of parties—reasonableness—requirement of finding**

    The trial court in a child support case should be satisfied that personal expenses itemized in the parties' balance sheets are reasonable under all the circumstances before making a determination of need or liability, and though a lack of a specific conclusion as to reasonableness will not necessarily be held for error, the better practice is for the order to contain such a conclusion.

APPEAL pursuant to G.S. 7A-30(2) from a decision of the Court of Appeals by *Judge Parker, Judge Robert Martin* dissenting, which upheld an order entered 21 December 1978 by *Judge Brown,* in MECKLENBURG District Court, awarding child custody to plaintiff-father and requiring defendant-mother to contribute partial child support. The decision of the Court of Appeals is reported at 44 N.C. App. 327, 261 S.E. 2d 34 (1979).

    *Levine, Goodman & Pawlowski by Paul L. Pawlowski for plaintiff appellee.*

    *Bryant, Hicks & Sentelle by Richard A. Elkins for defendant appellant.*

EXUM, Justice.

    In this appeal from an order requiring her to provide partial child support, defendant challenges the trial court's "finding of fact" that she is capable of contributing support payments and its conclusion of law that plaintiff is entitled to contribution from her. We hold that the trial court's order is not supported by sufficient findings of fact and remand the cause for further proceedings.

Plaintiff Larry Coble and defendant Cheryl Banks Coble (Klassette) were married on 6 September 1969. They lived together as husband and wife until their separation on 9 June 1976. Pursuant to the terms of a separation agreement, plaintiff retained custody of the two minor children born of the marriage. After a decree of absolute divorce was entered on 28 March 1978, plaintiff filed a motion in the cause seeking custody of the minor children and praying for an award of child support from defendant.

At the hearing on the motion before Judge Brown, plaintiff's testimony together with his "affidavit of financial standing," indicated that his net monthly income was $825.00 and his average monthly expenses, including those in support of his minor children, were in excess of $1,000.00. Evidence offered by defendant tended to show that she was currently employed at a wage of $3.97 per hour on a 40-hour week, plus time-and-a-half for overtime which totaled as much as 32 hours per week. During the parties' separation, she bought the children clothes, shoes, toys, and other items which they needed as she was able to provide them. Defendant's "affidavit of financial standing" indicated that her monthly personal living expenses averaged $510.00.

In its order of 21 December 1978, the trial court awarded custody of the minor children to plaintiff, subject to defendant's visitation privileges. The court also made certain findings of fact regarding the financial standing of the parties as follows:

"12. Defendant has an average monthly net income of approximately . . . *$483.32,* plus additional sums through her overtime wages. The additional amounts of income she derives from said overtime employment is not determinable at this time. Defendant's living expenses are approximately *$510.00* per month.

"The Plaintiff's average net monthly income is approximately *$825.00* and the average monthly financial needs of said minor children are approximately *$432.00.*

. . .

"16. Plaintiff is in need of financial assistance from the Defendant for the partial support and maintenance of said children. Defendant is an able-bodied person and is capable of providing child support as herein ordered."

Based upon these findings of fact, Judge Brown concluded as a matter of law that plaintiff was entitled to an award of child support. Defendant was ordered to contribute $180.00 per month toward the partial support of the minor children until their majority.

[1]   At the outset, we note our agreement with the Court of Appeals that G.S. 50-13.4(b) permits an order whereby both parents, although separated from the bonds of matrimony, are obligated to contribute to the support of their minor children. That statute provides in pertinent part:

> "In the absence of pleading and proof that circumstances of the case otherwise warrant, the father, the mother, or any person, agency, organization or institution standing in loco parentis shall be liable, in that order, for the support of a minor child. Such other circumstances may include, but shall not be limited to, the relative ability of all of the above-mentioned parties to provide support or the inability of one or more of them to provide support, and the needs of the estate of the child. . . ."

Under this provision, in the *absence* of circumstances that "otherwise warrant," the father has the primary duty of providing child support. The mother's duty is secondary. *Tidwell v. Booker*, 290 N.C. 98, 225 S.E. 2d 816 (1976). However, the statute should be read in conjunction with its companion section, G.S. 50-13.4(c), which mandates that:

> "Payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education and maintenance, *having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties,* and other facts of the particular case." (Emphasis supplied.)

Taken together, these two statutes clearly contemplate a mutuality of obligation on the part of both parents to provide material support for their minor children where circumstances preclude placing the duty of support upon the father alone. Thus, where the father cannot reasonably be expected to bear all the expenses necessary to "meet the reasonable needs of the child[ren]," the court has both the authority and the duty to order that the

mother contribute supplementary support to the degree she is able. *See, e.g., McKaughn v. McKaughn,* 29 N.C. App. 702, 225 S.E. 2d 616 (1976). The question remains in the instant case whether the trial judge, acting as the trier of fact, found circumstances sufficient to warrant an order compelling defendant to share in the financial responsibility of child support.

Where, as here, the trial court sits without a jury, the judge is required to "find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." G.S. 1A-1, Rule 52(a); *Coggins v. City of Asheville,* 278 N.C. 428, 180 S.E. 2d 149 (1971). The purpose of the requirement that the court make findings of those specific facts which support its ultimate disposition of the case is to allow a reviewing court to determine from the record whether the judgment—and the legal conclusions which underlie it—represent a correct application of the law. The requirement for appropriately detailed findings is thus not a mere formality or a rule of empty ritual; it is designed instead "to dispose of the issues raised by the pleadings and to allow the appellate courts to perform their proper function in the judicial system." *Montgomery v. Montgomery,* 32 N.C. App. 154, 158, 231 S.E. 2d 26, 29 (1977); *see, e.g., Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77 (1967).

Under G.S. 50-13.4(c), quoted *supra,* an order for child support must be based upon the interplay of the trial court's conclusions of law as to (1) the amount of support necessary to "meet the reasonable needs of the child" and (2) the relative ability of the parties to provide that amount. These conclusions must themselves be based upon factual *findings* specific enough to indicate to the appellate court that the judge below took "due regard" of the particular "estates, earnings, conditions, [and] accustomed standard of living" of both the child and the parents. It is a question of fairness and justice to all concerned. *Beall v. Beall,* 290 N.C. 669, 228 S.E. 2d 407 (1976). In the absence of such findings, this Court has no means of determining whether the order is adequately supported by competent evidence. *Crosby v. Crosby, supra.* It is not enough that there may be evidence in the record sufficient to support findings which *could have been made.* The trial court must itself determine what pertinent facts are actually established by the evidence before it, and it is not for an appellate court to determine *de novo* the weight and credibility to

be given to evidence disclosed by the record on appeal. *Knutton v. Cofield*, 273 N.C. 355, 160 S.E. 2d 29 (1968); *Davis v. Davis*, 11 N.C. App. 115, 180 S.E. 2d 374 (1971).

[2] Applying these principles to the case before us, we note that Judge Brown's finding of fact No. 16, to which defendant excepted, states that plaintiff is in need of financial assistance for the support of the minor children and that defendant is capable of providing such assistance. This "finding" is more properly denominated a conclusion of law, since it states the legal basis upon which defendant's liability may be predicated under the applicable statutes, G.S. 50-13.4(b) and (c). As a conclusion of law, it must itself be based upon supporting factual findings. However, the only finding directly pertinent to the parties' relative ability to provide financial support for their children are those set forth in finding No. 12, the first part of which states that defendant's monthly net income is approximately $483.32, plus an "indeterminable" amount earned from overtime work, and yet her monthly expenses are approximately $510.00. To the degree that this finding indicates that defendant's living expenses tend to exceed her average income, it would seem to negate, rather than support, the conclusion that she is capable of providing support payments. Moreover, the next part of finding No. 12 shows that although the monthly financial needs of the children average approximately $432.00, plaintiff's net monthly income is approximately $825.00. Far from supporting the conclusion that plaintiff is in need of partial assistance in meeting his support obligation, this part of the finding suggests instead that he is capable of sufficiently providing for his children on his own. On the face of the order alone, therefore, finding No. 12 does not support the trial court's conclusions as to either plaintiff's financial need for support assistance or defendant's financial ability to provide it. In the absence of other findings which support these conclusions, then, the order awarding plaintiff partial child support cannot be sustained.

It is true that there is evidence in the record from which findings *could be* made which would in turn support the conclusion that plaintiff is in need of financial assistance from the defendant. For instance, the "affidavit of financial standing" submitted by plaintiff indicates that his own monthly expenses, including those in support of the children, far exceed his average

income. Additionally, there is evidence of record which could be interpreted to show that defendant's income may often be more than sufficient to meet her own personal expenses. What all this evidence *does* show, however, is a matter for the trial court to determine in appropriate factual findings.

[3] We note moreover that before liability or need may be predicated upon an analysis of the balance sheets of the respective parties, the trial court should be satisfied that the personal expenses itemized therein are reasonable under all the circumstances. We mention this consideration simply to remind the trial bench that a party's mere showing that expenses exceed income need not automatically trigger the conclusion that the expenses are reasonable, or that the party is incapable of providing support and in need of additional assistance. Indeed, the very fact that a party has a support obligation should always bear on the "reasonableness" of that party's personal expenses. *See, e.g., County of Stanislaus v. Ross,* 41 N.C. App. 518, 255 S.E. 2d 229 (1979). In the absence of contrary indications in the record, however, an appellate court will normally presume that a party's personal expenditures have been deemed reasonable by the trial judge. While a lack of a specific conclusion as to reasonableness will not necessarily be held for error, the better practice is for the order to contain such a conclusion.

Our decision to remand this case for further evidentiary findings is not the result of an obeisance to mere technicality. Effective appellate review of an order entered by a trial court sitting without a jury is largely dependent upon the specificity by which the order's rationale is articulated. Evidence must support findings; findings must support conclusions; conclusions must support the judgment. Each step of the progression must be taken by the trial judge, in logical sequence; each link in the chain of reasoning must appear in the order itself. Where there is a gap, it cannot be determined on appeal whether the trial court correctly exercised its function to find the facts and apply the law thereto.

Since the order appealed from does not contain findings of fact sufficient to support its judgment, the decision of the Court of Appeals is reversed and the judgment vacated. This cause is remanded to the Court of Appeals for further remand to Mecklenburg District Court for proceedings consistent with this decision.