FAYE L. MASSEY v. CHARLES A. MASSEY

No. 848DC18

(Filed 18 December 1984)

**Divorce and Alimony § 24.8— child support—changed circumstances—insufficient
evidence and findings**

The trial court's conclusion that a substantial change of circumstances
justified a decrease in the father's child support obligation was not supported
by the evidence and findings where the court's findings related entirely to the
relative average adjusted gross income of the father and the mother, the court
made no specific findings as to any other factors, such as expenses, estates and
accustomed standard of living of the child and the parents, and the relative in-
come data was inconclusive.

APPEALS by plaintiff and defendant from *Goodman, Judge.*
Order entered 14 September 1983 in District Court, WAYNE Coun-
ty. Heard in the Court of Appeals 16 October 1984.

The parties entered into a Separation Agreement on 22
January 1979 in which the defendant, Charles A. Massey, agreed
to pay the plaintiff, Faye L. Massey, $60 per month for the sup-
port of each of their two children during the period the children
reside with Mrs. Massey. The Agreement did not provide a
specific termination date for the support payments.

The plaintiff filed suit to set aside the Separation Agree-
ment. This suit resulted in a Consent Judgment, entered 19

August 1980, which modified the child support payments so that the defendant agreed to pay the plaintiff $250 per month for both children from 15 August to 15 May each year, and $100 per month for the remaining months of the year. On 18 May 1982 an Order was entered, finding defendant in wilful contempt of court for failure to pay to plaintiff as child support the amount agreed to in the 1980 Consent Judgment, $1,750.

On 3 July 1982, one of the parties' two minor children reached the age of eighteen. Defendant thereafter reduced his child support payments for the period September 1982 to May 1983 from $250 per month to $125 per month. For the months August 1982 through July 1983 an arrearage of payments of $1,925 developed. Plaintiff filed a Motion that defendant show cause why he should not be held in contempt for failure to make the total child support payments. In a Counter-Motion the defendant asked for a reduction in the amount of child support.

On 14 September 1983 an Order was entered, finding that defendant was not in wilful contempt for failure to pay the arrearage, but ordering him nonetheless to pay the arrearage ($1,925) to plaintiff before 31 August 1983. Further, the court found that defendant had shown a substantial change of circumstances, justifying a reduction in child support from $250 per month to $140 per month for the one minor child remaining at home with plaintiff.

Plaintiff appeals the reduction in child support. Defendant appeals the order that he pay the arrearages.

*Baddour, Lancaster, Parker & Hine, by H. Martin Lancaster, for plaintiff.*

*Kornegay & Head, by Janice S. Head and George R. Kornegay, Jr., for defendant.*

ARNOLD, Judge.

Plaintiff contends that the trial court erred in reducing the child support payments payable by defendant from $250 per month to $140 per month. She argues that the findings made by the trial judge do not support his conclusions of law: that a change of circumstances necessitated a reduction in the size of payments made by the defendant.

In modifying child support payments, the trial court must make factual findings specific enough for us to ascertain whether he took "due regard" of the particular "estates, earnings, conditions, [and] accustomed standard of living" of both t..e children and the parents. *See Coble v. Coble*, 300 N.C. 708, 712, 268 S.E. 2d 185, 189 (1980), *citing Beall v. Beall*, 290 N.C. 669, 228 S.E. 2d 407 (1976); G.S. 50-13.4(c). In the absence of such findings, we are unable to determine whether the order is adequately supported by competent evidence.

We begin by describing the agreement, orders and judgments, in the case at bar, which have dealt with the matter of child support. In January 1979 the parties entered into a Separation Agreement. The Agreement provided that defendant should pay $60 per month for the support of each of the parties' two children. The Agreement stated that this support should be paid only so long as the children resided with the plaintiff. No termination date for child support was mentioned in the Agreement. The Agreement also contained a provision that the defendant would pay for the education of the children beyond high school "consistent with the Husband's [defendant's] income and financial obligations at the time."

In the Consent Judgment of August 1980, the child support payments were modified, although the rest of the Separation Agreement was incorporated into the Judgment as written. The Consent Judgment provided that the defendant would pay $250 per month in child support for the school term, defined as the period 15 August-15 June, and $100 per month for the remaining months. The Judgment did not specify what part of the payments would go to each of the two children.

In an Order of 18 May 1982, the court declared that the defendant was in wilful contempt for failure to pay an arrearage of $1,750. It also attempted to clarify how the parties should manage the payment of college expenses for the older of the two children. The Order did not consider whether child support payments should end for this child, who was about to turn eighteen.

The Order of 14 September 1983, at issue in this case, found that the younger child's reasonable expenses were $420 per month, and that the defendant's reasonable share of that was

$140. The court thus reduced the defendant's obligation from $250 per month to $140 per month. The court based this reduction on a "substantial change of circumstances." Its finding of "changed circumstances" related entirely to the relative average adjusted gross incomes of plaintiff and defendant. The court made no specific findings as to any other factors, such as expenses, estates and accustomed standard of living of the child and parents.

In the September 1983 Order, the trial court found:

A showing of substantial change of circumstances has been made herein in that the evidence shows an increase in the income of Plaintiff since 1980 and the Plaintiff's adjusted gross income for 1982 was twice that of the Defendant; further, the Plaintiff's income for an average three (3) year period, (1980, 1981 and 1982) was two times the income of Defendant for the same three (3) year period.

Yet, a close look at the parties' relative adjusted gross incomes causes us to doubt that a "substantial change of circumstances" actually did occur. The evidence shows that the defendant's adjusted gross income was: $9,010 in 1979, $5,215 in 1980, $5,883 in 1981, and $9,116 in 1982. The plaintiff's adjusted gross income was: $14,961 in 1979, $14,559 in 1980, $8,514 in 1981, and $18,371 in 1982.

In 1980, the year of the Consent Judgment, the defendant's income was dropping (from $9,010 to $5,215) and the plaintiff's income also had dropped (from $14,961 to $14,559). In 1979 the plaintiff made somewhat less than twice what defendant did; in 1980 plaintiff made somewhat more than twice what defendant did. By August 1980, the trial judge must have been aware that defendant's income was decreasing, yet it found the defendant able to pay $250 per month during the school year. Indeed, in May 1982 the court entered an order, finding defendant in wilful contempt for failure to pay child support agreed to in the 1980 Consent Judgment; the court found no change in circumstances then.

In 1982, the plaintiff's income increased to approximately $18,000. The defendant's income also increased to slightly higher than its 1979 level of $9,010. In 1982 the plaintiff made almost exactly twice what defendant did. In 1980, when the Consent Judgment was entered, the plaintiff made substantially more than

Massey v. Massey

twice what the defendant made. Thus, a comparison of the parties' adjusted gross incomes since 1980 does not clearly support the conclusion that plaintiff's ability to pay child support in 1983, as opposed to defendant's, was substantially better than their relative abilities in 1980.

Indeed, the picture of the parties' relative abilities to pay child support, if based only on relative incomes, is simply incomplete. At no point did the trial judge make other findings as to the parties' estates, expenses and legal obligations. We note, for example, that the defendant had a substantial savings account, of $35,000, in 1982. Considering the lack of findings as to other factors, and the inconclusiveness of the income data, we cannot say that the trial court's finding of a substantial change of circumstances was supported by competent evidence.

We make one final observation: the Order of September 1983 is unclear as to whether the trial court was reducing (from $250) or increasing (from $125, one-half of the $250 payment) the child support payment of the younger child. The court made a finding of the current needs of the child, but gave no indication as to whether the circumstances of the child had changed since 1980. We have no way to tell whether the court took account of the "accustomed standard of living" of that child.

On the question of the payment of arrearage, we find that the defendant had no right to withhold payments contrary to the court order. The defendant could easily have taken the question of payments due after his child reached majority to the court for a modification of the order. The defendant had an obligation to observe the order until it was lawfully changed.

The Order of 14 September 1983 is affirmed as to the requirement that defendant pay the arrearages of $1,925, and reversed and remanded as to the finding that defendant has shown a substantial change of circumstances and that the child support payments should be reduced.

Affirmed in part. Reversed and remanded in part.

Judges WELLS and HILL concur.