McLemore v. McLemore

ARCHIE MELTON McLEMORE v. MELINDA KAY McDOWALL McLEMORE

No. 8728DC707

(Filed 5 April 1988)

1. **Divorce and Alimony § 24.1— child support—defendant's payment of financial obligation for education of adult child—properly considered**

   The trial court in an action for support for a minor child could give "due regard" under N.C.G.S. § 50-13.4(c) to defendant's paying a financial obligation to Wachovia Bank which plaintiff would himself have otherwise had to pay where the court found that both parties owed approximately $9,500 on a line of credit used to support the parties' adult daughter while she was in college.

2. **Divorce and Alimony § 24.9— child support—parties' estates—findings as to child's needs—insufficient**

   In an action for child support, the trial court's findings were insufficient under N.C.G.S. § 50-13.4(c) to support its awarding of no support. Although

the court found that the parties made approximately the same amount of money, the court nowhere determined the minor child's past or present living expenses and could not have properly computed plaintiff's disposable income as the custodial parent.

**3. Divorce and Alimony § 27— child support—attorney fees—findings as to child's needs and plaintiff's income—insufficient**

The trial court's conclusion in a child custody and support action that plaintiff had sufficient assets to pay his own attorney's fees, based on findings that plaintiff had an annual gross income of $30,000, a three-bedroom condo, and an automobile, was remanded where the court failed to determine plaintiff's disposable income after the child's reasonable needs were met. N.C.G.S. § 50-13.6 (1987).

APPEAL by plaintiff from *Harrell (Robert L.), Judge.* Judgment entered 12 February 1987 in District Court, BUNCOMBE County. Heard in the Court of Appeals 5 January 1988.

*Riddle, Kelly & Cagle, P.A., by E. Glenn Kelly, for plaintiff-appellant.*

*Brock & Drye, P.A., by Floyd D. Brock, for defendant-appellee.*

GREENE, Judge.

This appeal arises from an action in which plaintiff sought custody of his 16-year-old son, child support and attorney's fees. Defendant did not contest the award of the son's custody to plaintiff. The evidence before the court tended to show that the parties had two children when they separated in July 1986. The parties' adult daughter was a college senior at Davidson College while their minor son lived with plaintiff. Both parties introduced affidavits which stated their living expenses as well as respective gross incomes. Plaintiff's 1986 gross income was $30,000 and defendant's gross income that year was $34,000. In denying plaintiff's claim for child support and attorney's fees, the court made *inter alia* the following pertinent findings of fact and conclusions of law:

Findings of Fact

16. The defendant has recognized her obligation to send the oldest child, Melissa McLemore, to college and has taken the necessary steps to insure her continued enrollment at David-

son and has provided support in excess of $10,000.00 over the past four years. Presently, the plaintiff and defendant owe to Wachovia Bank approximately $9,500.00 on a line of credit, which sum was used to support the oldest daughter of the parties and the plaintiff has indicated his unwillingness to repay this debt and the defendant acknowledged that she will pay it. The defendant is now paying the sum of $400.00 per month on the bank line credit.

21. Both plaintiff and defendant have similar estates in that each makes approximately the same amount of money, each has a three-bedroom condominium, each owns an automobile and each has taken on the responsibility at the present time of supporting one child of the marriage.

22. The plaintiff testified that he has monthly expenses for the minor son in the amount of $1492.50, which the Court finds to be unreasonable. The plaintiff has monthly living expenses for himself, which includes his house payment, utilities, food and miscellaneous credit card payments, totaling $1179.25.

23. The defendant has living expenses as contained on the exhibit marked D-1, reference to which is hereby made.

25. That both plaintiff and defendant are primarily liable for the support of the minor child, but considering the income, estates and accustomed standard of living, having due regard to the circumstances of the parties and the minor child as required by G.S. 50-13.3(b) and (c), the Court, in its discretion, will not require the defendant to contribute to the support of the minor child at this time.

26. That the plaintiff's attorney, E. Glenn Kelly, has rendered valuable legal services in the representation of the plaintiff in this hearing; however, the plaintiff has sufficient assets with which to pay reasonable attorney fees and the defendant should not be required to pay the attorney for the services rendered to the plaintiff.

### Conclusions of Law

5. That the Court will order no support to be paid by the defendant to the plaintiff at this time, but will order each party to maintain hospitalization insurance on the minor child.

6. That the plaintiff is not entitled to an order for reasonable attorney fees.

N.C.G.S. Sec. 50-13.4 (1987) states in pertinent part:

(b) In the absence of pleading and proof that the circumstances otherwise warrant, the father and mother shall be primarily liable for the support of a minor child, and any other person, agency, organization or institution standing *in loco parentis* shall be secondarily liable for such support . . .

(c) Payments ordered for the support of a minor child shall be in such amount to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contribution of each party, and other facts of the particular case. Payments ordered for the support of a child shall terminate when the child reaches the age of 18 except: (1) if the child is otherwise emancipated, payments shall terminate at that time; (2) if the child is still in primary or secondary school when he reaches age 18, the court in its discretion may order support payments to continue until he graduates, otherwise ceases to attend school on a regular basis, or reaches age 20, whichever comes first.

Plaintiff appeals from the court's denial of child support and attorney's fees. Plaintiff specifically claims there was insufficient evidence to support Finding No. 21 insofar as it determined that the parties "make approximately the same amount of money." Plaintiff likewise asserts insufficient evidence supports Finding No. 26 that plaintiff had sufficient assets to pay his own attorney's fees. Plaintiff finally claims the court's findings do not support its Conclusion Nos. 5 and 6 and that Finding No. 25 constitutes an abuse of discretion.

---

The issues presented are: I) where the trial court (A) apparently considered defendant's paying a joint bank loan for college expenses of the parties' adult child and (B) failed to determine the reasonable needs of the parties' minor child, whether the court's findings sufficiently supported its conclusion that no child support should be awarded under N.C.G.S. Sec. 50-13.4(c)

(1987); and II) whether the trial court's findings supported its denial of plaintiff's attorney's fees.

I

In a child support action, the trial court must first determine who is primarily liable for the minor child's support under N.C.G.S. Sec. 50-13.4(b) (1987). The court then determines the actual amount of support necessary to meet the minor child's reasonable needs pursuant to Section 50-13.4(c). We first note that Finding No. 25 reveals the trial court apparently merged these two determinations into one "finding." Finding No. 25 in fact states two conclusions: (1) that both parents are primarily liable for their minor child's support under Section 50-13.4(b) but (2) after considering the "incomes, estates and accustomed standard of living . . . of the parties and minor child," the court decided in its discretion to award no child support under Section 50-13.4(c).

A

The record reveals that plaintiff did not specifically except to Finding No. 16 concerning his joint obligation on a college bank line of credit nor to the court's determination of defendant's living expenses in Finding No. 23. We therefore do not review the sufficiency of the evidence supporting those findings. N.C.R. App. P. 10(a).

[1] We specifically reject plaintiff's argument that the court could not consider defendant's paying plaintiff's share of their joint obligation to Wachovia Bank. The court found that *both* parties owed approximately $9,500 on a line of credit used to support the parties' adult daughter while she was in college. While a parent certainly has no statutory obligation to support an adult child, the parent may enter an enforceable agreement to provide such support. *Compare* Sec. 50-13.4(c) (child support payments terminate when child is eighteen unless child is earlier emancipated or still in secondary school when becomes eighteen) *with Bridges v. Bridges*, 85 N.C. App. 524, 528, 355 S.E. 2d 230, 232 (1987) (in absence of enforceable contract, no statutory obligation to support adult children). In determining the proper amount of child support, the trial court could give "due regard" under Section 50-13.4(c) to defendant's paying a financial obligation to Wachovia Bank which plaintiff would himself have otherwise been required to pay.

B

[2]   However, plaintiff also argues the court's findings were insufficient to support its awarding no support under Section 50-13.4(c) since the court failed to determine what were the "reasonable needs of the [minor] child for health, education, and maintenance . . ." We agree. Once the court had determined that *both* parties were primarily obligated to support their minor child under Section 50-13.4(b), we fail to see how the court could decide no support was necessary to meet the reasonable needs of the minor child under Section 50-13.4(c) without determining what those reasonable needs were and whether they were being met by those primarily liable for the child's support. We recognize that Section 50-13.4(c) provides for "due regard" of the parties' earnings, standard of living and other factors in determining the amount of child support. However, it is not possible to determine what regard to these factors is "due" without weighing them against the minor child's reasonable needs for support. *See Steele v. Steele*, 36 N.C. App. 601, 604, 244 S.E. 2d 466, 469 (1978) (if past expenditures below subsistence, "due regard" must be shown for meeting reasonable needs of child). As our Supreme Court stated in *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E. 2d 185, 189 (1980):

> Under G.S. 50-13.4(c) . . . , an order for child support must be based upon the interplay of the trial court's conclusions of law as to (1) the amount of support necessary to 'meet the reasonable needs of the child' and (2) the relative ability of the parties to provide that amount. These conclusions must themselves be based upon factual *findings* specific enough to indicate to the appellate court that the judge below took 'due regard' of the particular 'estates, earnings, conditions, [and] accustomed standard of living' of both the child and parents.

(Emphasis in original.) *See also Boyd v. Boyd*, 81 N.C. App. 71, 78, 343 S.E. 2d 581, 586 (1986) (findings required in order that appellate court may determine whether trial court gave due consideration to factors); *Atwell v. Atwell*, 74 N.C. App. 231, 236, 328 S.E. 2d 47, 50-51 (1985) (to determine reasonable needs, court must make findings of fact on past expenditures on child and present reasonable expenses).

We note the court found the parties made "approximately the same amount of money." As the court nowhere determined the minor child's past or present living expenses, the court could not have properly computed plaintiff's disposable income as the custodial parent. This failure would also require remand for further findings since plaintiff's disposable income is a conclusion of law which may significantly affect the determination of the parties' proportionate shares of their minor child's support. *See Plott v. Plott*, 313 N.C. 63, 76-77, 326 S.E. 2d 863, 872 (1985).

Thus, as the court nowhere determined the past expenditures on the child nor his reasonable needs nor whether those needs were being met, we cannot conclude the court properly weighed the child's reasonable needs for support against those other factors set forth in Section 50-13.4(c). *Cf. Coble*, 300 N.C. at 713, 268 S.E. 2d at 189 (fact that plaintiff's net monthly income exceeded reasonable needs of the child suggested plaintiff could sufficiently provide for child on his own). Consequently, we must vacate the court's order denying plaintiff child support under Section 50-13.4(c) since the court failed to properly determine the reasonable needs of the minor child.

## II

[3] Plaintiff also contends the court erred in denying his request for attorney's fees. N.C.G.S. Sec. 50-13.6 (1987) allows counsel fees in support actions where the party shows, among other things, that he has insufficient means to defray the expense of the suit. The trial court concluded plaintiff had sufficient assets to pay his own attorney's fees based on its findings that plaintiff had an annual gross income of $30,000, a three-bedroom condominium and an automobile. These findings are arguably sufficient to support the court's denial of plaintiff's attorney's fees; however, given the court's failure to determine plaintiff's disposable income after the child's reasonable needs are met, we also remand on this point so that the court may consider the sufficiency of plaintiff's assets in light of our earlier discussion.

We have reviewed plaintiff's remaining assignments of error and find them meritless.

Vacated and remanded.

Judges PARKER and COZORT concur.