BAKER v. BAKER

[102 N.C. App. 792 (1991)]

———————————

VIVIAN S. BAKER v. HERBERT S. BAKER

No. 9017DC598

(Filed 7 May 1991)

**Rules of Civil Procedure § 52.1 (NCI3d)— alimony—court sitting without jury—improper sequence of findings and conclusions**

A new trial was ordered in an action for alimony and divorce where a trial began during the 28 October 1985 session of court; the judge took the case under advisement at the

close of all evidence; the case came before the court again on 8 October 1987; the court announced its ultimate findings, including adultery by defendant and alimony; and, after a conversation with counsel and a motion for a mistrial by defendant, the court directed that its order have the findings previously dictated, excluding adultery but not alimony. The judge, sitting without a jury, initially found that defendant had committed adultery, then deleted that finding without reconsidering his conclusions, including permanent alimony. That process violated the sequence required by N.C.G.S. § 1A-1, Rule 52.

**Am Jur 2d, Divorce and Separation §§ 412, 426.**

APPEAL by defendant from Judgment entered 11 January 1990 by *Judge Peter M. McHugh* in ROCKINGHAM County District Court. Heard in the Court of Appeals 6 December 1990.

*Shope, McNeil & Maddox by Larry W. McNeil; and Gwyn, Gwyn & Farver by Julius J. Gwyn for plaintiff appellee.*

*Smith, Patterson, Follin, Curtis, James, Harkavy & Lawrence by Martha A. Geer for defendant appellant.*

COZORT, Judge.

In the action below, the trial court granted plaintiff a divorce from bed and board two years after the matter was tried. Another two years passed before the trial court entered an order awarding plaintiff $1,250.00 per month in permanent alimony plus attorneys' fees and costs. Finding prejudice in the long delays between hearing and final resolution, we remand the case to the trial division for a new trial.

Plaintiff and defendant were married on 31 August 1972. Plaintiff filed the complaint initiating this action on 6 February 1985, seeking alimony and divorce from bed and board. Defendant's answer and counterclaim of 27 March 1985 also sought divorce from bed and board. Plaintiff's reply to the counterclaim was filed 29 October 1985.

During the course of trial which began during the 28 October 1985 session of court, plaintiff's counsel asked defendant: "[Y]ou were paying two alimony payments at the time of your marriage [to plaintiff?]" Defendant's counsel objected and moved for a mistrial.

The trial judge denied the motion, and, after conferring with counsel for both parties, the judge instructed the jury to disregard the question. After another conference between the court and counsel, both parties waived jury trial, and the case proceeded without a jury. At the close of all evidence, the trial judge denied cross motions for dismissal and took the case under advisement.

The case came before the court again on 8 October 1987 "with consent of counsel for Plaintiff and Defendant for entry of . . . judgment from the October 1985 Session of Court." The transcript of that hearing discloses that it was actually devoted largely to argument over whether to grant defendant's motion to release funds from the marital estate to pay allegedly marital debts. The transcript also discloses that the trial judge reviewed and discussed alternative judgments submitted by counsel. After announcing the substance of his findings and conclusions, the trial judge denied the defendant's motion for a mistrial and entered judgment that plaintiff was entitled to permanent alimony; the defendant gave notice of appeal of that judgment. After hearings in July, August, and September of 1989, the trial judge, on 11 January 1990, entered judgment regarding the amount of permanent alimony and attorneys' fees.

Pursuant to his first assignment of error, the defendant contends that at the October 1987 hearing to enter judgment the trial judge could no longer accurately recall the evidence presented at the October 1985 bench trial. Specifically, defendant contends that the "trial court erred in substantially altering its findings of fact without reconsidering its conclusions of law." We agree.

In the course of the hearing on 8 October 1987 the following exchange occurred:

COURT: I'm going to tell you what ultimate findings I believe are appropriate in view of my assessment of the evidence after that hearing. We can then go through the varying orders and I will identify which findings of fact I think will support my ultimate findings.

I found in the order that I related to each counsel early on, that Dr. Baker had withdrawn his society from his wife; that he had over the course of years and the latter part of the marriage, become isolated and distant from her; *he had ultimately, and I think the evidence is overwhelming, engaged*

BAKER v. BAKER

[102 N.C. App. 792 (1991)]

*in a course of adultery with the nurse in his office.* I also believed following the evidence, that through the last at least several years of the marriage, Mrs. Baker had accused Dr. Baker of being lazy, a spendthrift; that she had engaged in a course of badgering him and had accused him on various instances of misconduct and some of those unjustified accusations. At no time did I feel, again, that her misconduct or fault that I just referred to, constituted sufficient provocation for the acts committed by Dr. Baker which led to my indication to you that Mrs. Baker would be entitled to permanent alimony.

Now you have there gentlemen, a statement as clearly as I can make it as to what I feel the ultimate findings in this case should be. We will now go through the various orders and I'll identify for you specific findings of fact.

MCNEIL: If it please the Court, Your Honor, for purposes of appeal in this case, which I assume is going to happen, I would ask Your Honor if you would to take a moment and look at that and your assessment as to the adultery and refer to your notes and the record and see if that in fact was what you had determined in this case. I don't think that it was, but I would certainly ask the Court's indulgence for you to reflect on that.

COURT: Un-huh.

(PAUSE FOR REVIEWING DOCUMENTS)

* * * *

MCNEIL: If I may Your Honor, in light of your earlier statement as to your ultimate findings of fact, I would request the Court consider record before finding the adultery or defer to Your Honor, but I would ask you to defer to that rather than to make that finding.

COURT: You're worried about your offer of evidence . . .

MCNEIL: Yes sir.

CURTIS: I move for a mistrial.

COURT: Why?

CURTIS: Because the Court has concluded that Dr. Baker committed adultery. There is so little evidence of it that even

Mr. McNeil doesn't want it in there, and now he's trying to get Your Honor's order changed with reference to that, but it's bound to affect Your Honor's thinking. And I move for a mistrial.

COURT: The motion is denied. I'm going to direct that the order have the findings of fact that I directed you to put into it.

McNEIL: Including or excluding adultery?

COURT: Excluding it. (Emphasis added.)

When jury trial is waived, Rule 52 of the North Carolina Rules of Civil Procedure requires the trial judge: "(1) To find the facts on all issues of fact joined on the pleadings; (2) to declare the conclusions of law arising upon the facts found; and (3) to enter judgment accordingly." *Williams v. Pilot Life Insurance Co.*, 288 N.C. 338, 342, 218 S.E.2d 368, 371 (1975). Evidentiary facts must support ultimate facts (those "required to establish the plaintiff's cause of action or the defendant's defense.") *Id.* at 342, 218 S.E.2d at 372. Rule 52 necessarily contemplates that facts be found before conclusions can be reached: "Evidence must support findings; findings must support conclusions; conclusions must support the judgment. Each step of the progression must be taken by the trial judge, in logical sequence; each link in the chain of reasoning must appear in the order itself." *Coble v. Coble*, 300 N.C. 708, 714, 268 S.E.2d 185, 190 (1980).

In the case below, the trial judge, reviewing his assessment of evidence heard almost two years earlier, announced as an ultimate finding that the defendant "engaged in a course of adultery with the nurse in his office." Plaintiff's counsel subsequently indicated his opinion that the evidence would not support such a finding and requested the judge to delete that finding from his order. The judge complied with that request, but there is no indication of record that he reconsidered the conclusions and judgment presumably based, at least in part, on his original finding. The judgment decreed that the plaintiff was entitled to permanent alimony, one of the statutory grounds for which is that the "supporting spouse has committed adultery." N.C. Gen. Stat. § 50-16.2(1) (1987).

In the case below, to determine whether the dependent spouse was entitled to alimony and, if so, in what amount, the trial judge

was required to weigh evidence of adultery by the supporting spouse as well as evidence of indignities offered by both the supporting and the dependent spouse. N.C. Gen. Stat. §§ 50-16.2(1), (7) and 50-16.5(b) (1987). The judge initially found that defendant had committed adultery; the judge then deleted that finding without reconsidering his conclusions, including the conclusion that plaintiff was entitled to permanent alimony. That process violated the sequence required by Rule 52 to the prejudice of the defendant. "Effective appellate review of an order entered by a trial court sitting without a jury is largely dependent upon the specificity by which the order's rationale is articulated. . . . Where there is a gap, it cannot be determined on appeal whether the trial court correctly exercised its function to find the facts and apply the law thereto." *Coble*, 300 N.C. at 714, 268 S.E.2d at 190. Where, as in the case below, an order's rationale is tainted by a process that violates Rule 52, a new trial of the issues is required.

In view of our holding above we need not reach the defendant's remaining assignments of error.

New trial.

Judges WELLS and JOHNSON concur.