## PARKER v. STATE DEPT. OF TRANSP.

[122 N.C. App. 279 (1996)]

TRACIE L. PARKER, Plaintiff-Appellee, v. STATE OF NORTH CAROLINA DEPART-
MENT OF TRANSPORTATION, Defendant-Appellant

No. COA95-646

(Filed 16 April 1996)

**1. Judgments § 154 (NCI4th)— default against State—full
evidentiary hearing not required**

The Industrial Commission is not required by N.C.G.S. § 1A-1,
Rule 55(f) to conduct a full evidentiary hearing prior to entering
default against the State in a claim under the Tort Claims Act.

**Am Jur 2d, Judgments §§ 277, 282.**

**2. Judgments § 154 (NCI4th)— default judgment against
State—requirement of findings of fact to support claim**

Prior to entering default judgment against the State in an
action under the Tort Claims Act, the Industrial Commission must
make findings of fact to support the conclusion under N.C.G.S.
§ 1A-1, Rule 55(f) that a claim or right to relief has been estab-
lished by the evidence.

**Am Jur 2d, Judgments §§ 277, 282.**

Appeal by defendant from Decision and Order entered 26 January
1995 by the North Carolina Industrial Commission, Thomas J. Bolch,
Commissioner. Heard in the Court of Appeals 28 February 1996.

*Michael E. Mauney and Charles Darsie for plaintiff-appellee.*

*Michael F. Easley, Attorney General, by Don Wright, Assistant
Attorney General, for the State.*

WYNN, Judge.

Defendant, the State of North Carolina Department of Transpor-
tation ("DOT"), appeals from a default judgment entered by the North
Carolina Industrial Commission ("Commission") on a claim made
under the State Tort Claims Act. We vacate and remand for additional
findings.

On 25 January 1990, plaintiff Tracie Parker rode in an automobile
driven by Mark Marochek on a portion of North Roxboro Road which
had been undergoing a state-ordered road widening project. An acci-
dent occurred when the vehicle collided into a telephone pole at a
point in which the right lane ended abruptly.

Ms. Parker filed a tort claim affidavit dated 16 September 1992 against DOT alleging negligence in failing to provide signs, markers, or devices to advise motorists 1) that the right lane would end, or 2) that a utility pole was directly in the path of the incomplete right lane. The affidavit was served on the Attorney General on 5 October 1992.

On 6 November 1992, thirty-two days after service on the defendant, Ms. Parker moved for entry of default. The Commission received her motion on 13 November 1992 and entered default by order filed 13 August 1993. In denying DOT's subsequent motion to set aside the default entry, Commissioner J. Randolph Ward revealed the procedural morass of this matter in an order filed 15 September 1993:

> Plaintiff filed her affidavit with the Commission on September 18, made her motion for default on November 13, and defendant's answer was filed on November 24. Since, under G.S. §143-297, a State Torts Claims act is initiated by filing the complainant's affidavit with the Commission, which then forwards a copy of the affidavit to the Attorney General, who then has "30 days after receipt of copy of same" to answer, the undersigned sent an inquiry to [the Attorney General] requesting "whether or not the State filed an answer in this matter within 30 days of receipt of the complaint . . . [and] perhaps a copy of the document showing your office's receipt stamp" to determine whether there was an extraordinary delay before actual receipt following the Commission's transmission of the affidavit on September 29. When no such excuse was forthcoming, the Order of Entry of Default was filed.

Thereafter, Ms. Parker moved for a final default judgment. On 21 July 1994, in a Decision and Order that determined only the amount of damages due to plaintiff, Deputy Commissioner Jan N. Pittman awarded Ms. Parker $81,000. DOT appealed to the Full Commission which increased Ms. Parker's damages to $96,000 but set-off from that amount a $50,000 settlement between Ms. Parker and Mr. Marochek. DOT appealed to this Court.

---

The issues before this Court are (I) whether the Commission is required to conduct a full evidentiary hearing before default judgment may be entered against the State under Rule 55(f) and (II) whether the Commission must make findings of fact to support the conclusion under Rule 55(f) that a claimant established her claim or right to relief by the evidence.

**PARKER v. STATE DEPT. OF TRANSP.**

[122 N.C. App. 279 (1996)]

I.

**[1]** DOT first contends that the Commission erred by failing to conduct a full evidentiary hearing prior to entering default judgment against the State. We disagree.

N.C. Gen. Stat. § 1A-1, Rule 55(f) (1990), provides:

No judgment by default shall be entered against the State of North Carolina or an officer in his official capacity or agency thereof *unless* the claimant establishes his claim or right to relief by evidence.

(emphasis supplied).

DOT argues that once plaintiff establishes her right to relief by evidence, the State then has a right to present contrary evidence. It argues that "the evidentiary hearing, in essence, would be the equivalent of a trial on the merits . . . ."

The plain language of N.C.R. Civ. P. 55 establishes that prior to obtaining default against the State, a claimant must present evidence to establish her claim or right to relief. We find no provision in Rule 55(f) giving the State the right to then counter the plaintiff's evidence. *See Alliance Company v. State Hospital*, 241 N.C. 329, 332, 85 S.E.2d 386, 389 (1955) (holding that if the words in the statute are clear, certain, and intelligible, then they must be given their natural or ordinary meaning). Indeed, if we were to accept DOT's rationale, we would undermine the purpose of an entry of default since "[t]he effect of an entry of default is that the defendant . . . is *prohibited from defending on the merits of the case.*" *Spartan Leasing, Inc. v. Pollard*, 101 N.C. App. 450, 460, 400 S.E.2d 476, 482 (1991) (citations omitted) (emphasis supplied).

Accordingly, we hold that the Commission is not required by Rule 55(f) to conduct a full evidentiary hearing prior to entering default against the State.

II.

**[2]** Next, DOT argues that prior to entering default judgment against the State, the Commission must make findings of fact to support the conclusion that a claim or right to relief under Rule 55(f) has been established by the evidence. We agree.

Even though Rule 55 contains no requirement giving the State the right to counter plaintiff's evidence, the claimant must still establish

her claim or right to relief by the evidence. In so doing, the claimant must show that a factual basis exists upon which negligence or liability can be established. In turn, the fact finder must make findings of fact as to the claimant's evidentiary showing.

N.C.R. Civ. P. 52(a)(1) requires that "[i]n all actions tried upon the facts without a jury or with an advisory jury, the Court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." Rule 52(a) requires "specific findings of the ultimate facts established by the evidence, admissions and stipulations which are determinative of the questions involved in the action and essential to support the conclusions of law reached. *Farmers Bank v. Brown Distributors*, 307 N.C. 342, 346-47, 298 S.E.2d 357, 359-60 (1983).

The requirement to make specific findings of fact is not a mere formality. Instead, it allows the "reviewing court to determine from the record whether the judgment—and the legal conclusions which underlie it—represent a correct application of the law." *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980).

Upon careful review of the record, we find that the deputy commissioner's order which was modified and adopted by the Full Commission is devoid of any findings of fact on the claims of liability and negligence. Indeed, the order only addresses the issue of damages. Moreover, we note in passing that nothing in the record indicates that the Commission entered a final default judgment against DOT. Because our review must be based upon findings of fact and conclusions of law, we vacate and remand for proper findings consistent with this opinion.

Chief Judge ARNOLD and Judge MARTIN, Mark D. concur.