IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-742

No. COA22-543

Filed 15 November 2022

Durham County, No. 22 CVD 1915

CHARLOTTE HAIDAR, Plaintiff,

v.

DARWIN MOORE, Defendant.

Appeal by Plaintiff from order entered 19 April 2022 by Judge Pat Evans in

Durham County District Court. Heard in the Court of Appeals 2 November 2022.

*Kerstin Walker Sutton PLLC, by Kerstin Walker Sutton, for Plaintiff-Appellant.*

*Thomas, Ferguson & Beskind, LLP, by Kellie Mannette, for Defendant-Appellee.*

GRIFFIN, Judge.

¶ 1          Plaintiff Charlotte Haidar appeals from the trial court's order dismissing her

complaint for a N.C. Gen. Stat. § 50C no-contact order. Plaintiff primarily argues

that the trial court erred because it made no written findings of fact in the order

dismissing her complaint. Plaintiff also asserts, if the order is sufficient for our

review, that the trial court abused its discretion because its decision was not based

upon competent evidence. Because the trial court's order contains no written findings

of fact, we are unable to conduct meaningful appellate review. Therefore, we vacate

and remand the trial court's order for written findings of fact.

## I. Factual and Procedural Background

Plaintiff and Defendant first met on the evening of 2 October 2021, as both were part of a group of students staying on Duke University's campus during fall break. During the following days, Plaintiff and Defendant engaged in sexual conduct in Defendant's dorm room that Plaintiff asserts was, at least in part, nonconsensual. After these encounters, Plaintiff became very emotional, felt that she had been harmed, and suffered mental anguish and anxiety whenever she saw Defendant at events on campus. On 14 February 2022, Duke University administration issued a mutual no-contact order upon Plaintiff's request.

On 1 April 2022, Plaintiff filed a complaint requesting a no-contact order for stalking or nonconsensual sexual conduct against Defendant. On 19 April 2022, Defendant filed a motion to dismiss Plaintiff's complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Following a hearing on the matter, the trial court issued an oral statement in open court explaining that, after weighing the evidence in a "very difficult" case where a "young lady [was] obviously in distress," the court "ha[d] to find that [P]laintiff has failed to prove grounds for issuance of a no-contact order."

The trial court then issued a written order denying and dismissing Plaintiff's complaint. The written order contained no findings of fact supporting its conclusion,

stating only that "[t]he plaintiff has failed to prove grounds for issuance of a no-contact order."

¶ 5 Plaintiff timely appeals.[1]

## II. Analysis

¶ 6 Plaintiff argues the trial court's order dismissing her complaint is facially defective because the trial court failed to make written findings of fact supported by competent evidence supporting its conclusions of law. We agree, and therefore remand the trial court's order for written findings of fact.

¶ 7 "The standard of review on appeal from a judgment entered after a non-jury trial is 'whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment.'" *Cartin v. Harrison*, 151 N.C. App. 697, 699, 567 S.E.2d 174, 176 (2002) (citation omitted). Rule 52(a)(1) of the North Carolina Rules of Civil Procedure states:

> In all actions tried upon the facts without a jury or with an

---

[1] During the pendency of this appeal, Defendant filed a motion to seal all filings and a motion to refer to Defendant by a pseudonym for the remainder of the proceedings. Each of these motions has been denied.

Plaintiff has filed a motion for sanctions under Rule 34(a) of the North Carolina Rules of Appellate Procedure, arguing that Defendant's motions were frivolous, not grounded in existing law, and not made in good faith. *See* N.C. R. App. P. 34(a)(3) (stating this Court may sanction a party if it files a motion "grossly lacking in the requirements of propriety, grossly violat[ing] appellate court rules, or grossly disregard[ing] the requirements of a fair presentation of the issues to the appellate court"). Though his motions did not have merit found in any existing case law, we do not believe Defendant's motions were made in bad faith or were otherwise so grossly improper to warrant sanctions. We therefore deny Plaintiff's motion for sanctions.

> advisory jury, the court shall find the facts specially and
> state separately its conclusions of law thereon and direct
> the entry of the appropriate judgment.

N.C. R. Civ. P. 52(a)(1). When the trial judge acts as the trier of fact, the trial court

must: "(1) find the facts on all issues joined in the pleadings; (2) declare the

conclusions of law arising on the facts found; and (3) enter judgment accordingly."

*Gilbert Eng'g Co. v. City of Asheville*, 74 N.C. App. 350, 364, 328 S.E.2d 849, 857

(1985).

In *D.C. v. D.C.*, this Court recently held that, when the trial court does not

make findings of fact as required under Rule 52, this Court is unable to conduct

meaningful review of the resulting order:

> [T]he trial court failed to make any findings of fact, much
> less specific findings, in the Orders. It was required to
> enter findings of fact supporting its conclusions of law that
> each [p]laintiff "failed to prove grounds for issuance of a
> [DVPO]." Such failure to make findings of fact prevents us
> from conducting meaningful appellate review, and we must
> vacate the Orders and remand to the trial court for the
> entry of orders that comply with the North Carolina Rules
> of Civil Procedure and our caselaw.

*D.C. v. D.C.*, 279 N.C. App. 371, 2021-NCCOA-493, ¶ 12. When the trial court

properly makes findings of fact to support its conclusions of law, it allows this Court

to review whether its determinations are appropriately based upon the record.

Absent the required findings of fact, this Court is unable to conduct a proper review

on appeal. In that instance, as the Court in *D.C.* held, our Court "must vacate the

orders and remand to the trial court for the entry of orders that comply with the North Carolina Rules of Civil Procedure and our caselaw." *Id.*

¶ 9 In the case before us, the trial court made no written findings of fact in its order denying and dismissing Plaintiff's complaint. Because the trial court failed to make any findings of fact supporting its conclusions of law, we are unable to conduct meaningful appellate review of the order. We therefore must vacate and remand the trial court's order.

¶ 10 We note that, in *D.C.*, the trial court failed to make the required findings of fact on an order denying a domestic violence protective order under N.C. Gen. Stat. § 50B. Here, the trial court failed to make the required findings of fact on an order denying an N.C. Gen. Stat. § 50C no-contact order for stalking or nonconsensual sexual conduct. Although the statutory requirements needed to grant each type of order differ, the trial court is still required by Rule 52(a) to make findings of fact in its order that support its conclusions of law. Regardless of the type of order, "[e]vidence must support findings; findings must support conclusions; conclusions must support the judgment" and "each link in the chain of reasoning must appear in the order itself." *Coble v. Coble*, 300 N.C. 708, 714, 268 S.E.2d 185, 190 (1980). "Where there is a gap, it cannot be determined on appeal whether the trial court correctly exercised its functions to find the facts and apply the law thereto." *Id.* Therefore, following our precedent in *D.C.* and *Coble,* we vacate and remand back to

the trial court to make the required findings of fact.

¶ 11      Because we vacate and remand on this issue, we decline to address Plaintiff's remaining arguments at this time.

## III.   Conclusion

¶ 12      For the foregoing reasons, we hold that the trial court erred by not making required findings of fact in its order.  We vacate the order and remand to the trial court.

VACATED AND REMANDED.

Judges ZACHARY and ARROWOOD concur.