Byrd v. Byrd

ROGER D. BYRD v. CRYSTAL R. BYRD

No. 8218DC648

(Filed 7 June 1983)

1. Divorce and Alimony § 24.9— child support—sufficiency of findings

A finding that "the needs of the minor children of the parties are set forth in the affidavit of [defendant mother], which was filed in this action" was a sufficient finding upon which to base an award of child support where there was no evidence that the needs of the children were otherwise than specified in defendant's affidavit. Moreover, the evidence supported the court's findings as to the relative abilities of the parties to pay, and the court's findings supported its conclusion that plaintiff father should be ordered to pay child support of $750.00 per month. G.S. 50-13.4(c).

2. Divorce and Alimony § 24.2— child support—modification of amount in separation agreement—changed circumstances

The evidence supported the trial court's finding that there had been a change in circumstances since the parties signed a separation agreement so as to justify an increase in child support from the $400.00 per month required by the agreement to $750.00 per month.

3. Divorce and Alimony § 27— child support—attorney's fees—pleadings deemed to conform to evidence

Although defendant's answer and counterclaim in which she sought child support did not include the required allegations or prayer for an award of attorney's fees, the pleadings are deemed to conform to the evidence, and the trial court's award of attorney's fees was proper, where the trial court found upon evidence introduced without objection that defendant was acting in good faith, that she had insufficient means to defray the expense of the suit and that plaintiff had refused a request to furnish adequate child support at the time the action was instituted. G.S. 50-13.6; G.S. 1A-1, Rule 15(b).

APPEAL by plaintiff from *Yeattes, Judge.* Order entered 2 February 1982 in District Court, GUILFORD County. Heard in the Court of Appeals 9 May 1983.

Plaintiff instituted this action against defendant by filing a complaint on 31 December 1979 seeking divorce from defendant based on one year's separation. In her Answer and Counterclaim of 7 February 1980, defendant admitted the allegations in the complaint and sought custody of the minor children of the marriage and child support over and above the child support of $400.00 per month agreed to in a separation agreement signed by the parties on 27 December 1978. Divorce was granted on 11 February 1980. Defendant filed a motion seeking an increase in child

support, and in a hearing confined to the issue of the amount of child support, both parties gave testimony relating to their expenses and income. On 2 February 1982, plaintiff was ordered to pay into the office of the Clerk of Superior Court $750.00 per month in child support and to pay reasonable attorney's fees of $1,300.00 to defendant's attorney. From this order, plaintiff appealed.

*Hatfield, Hatfield & Kinlaw, by Kathryn K. Hatfield for the plaintiff, appellant.*

*Smith, Patterson, Follin, Curtis, James & Harkavy, by J. David James for the defendant, appellee.*

HEDRICK, Judge.

[1] Plaintiff assigns as error the award by the trial court of $750.00 per month in child support. Plaintiff contends that the award was based on findings of fact not supported by the evidence. Plaintiff argues that awards of child support must be based on appropriately detailed findings of fact. To this end, plaintiff contends the trial court's Finding of Fact No. 4 which states, "the needs of the minor children of the parties are set forth in the affidavit of Crystal R. Byrd, which was filed in this action," is not a legally sufficient finding upon which to base an award of child support.

Plaintiff's contention has two premises. First, that the trial court, in failing to enumerate specifically its findings as to the needs of the children, did not provide an adequate factual basis as to the amount of support required. Second, that the trial court's finding of fact as to the needs of the children is not supported by the evidence.

A trial court, in determining a proper amount to be awarded for the support of minor children is directed by statute to consider the "reasonable needs of the child for health, education and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case." N.C. Gen. Stat. Sec. 50-13.4(c). The Supreme Court in *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E. 2d 185, 189 (1980), said that an order for child support "must be

based upon the interplay of the trial court's conclusions of law as to (1) the amount of support necessary to meet the reasonable needs of the child and (2) the relative ability of the parties to provide that amount." *Coble* further holds that where the trial court sits without a jury, the judge is required to make factual findings "specific enough to indicate to the appellate court that . . . 'due regard' " was taken of the factors enumerated in the statute. *Id.*

With regard to what the findings of fact concerning the needs of the minor children must contain, there are no set guidelines. The appellate courts of this state require only that the findings be based on competent evidence as to what the needs of the children are, *Hampton v. Hampton*, 29 N.C. App. 342, 224 S.E. 2d 197 (1976), and that such findings sustain the conclusion that the support payments ordered are in such amount as to meet the reasonable needs of the child. *Montgomery v. Montgomery*, 32 N.C. App. 154, 231 S.E. 2d 26 (1977). The evidence must support the facts found by the trial court which in turn support the trial court's conclusions of law which in their turn provide a basis for the trial court's judgment. Each link in this chain of reasoning must appear in the trial court's order. *Coble v. Coble*, 300 N.C. 708, 268 S.E. 2d 185 (1980).

In *Steele v. Steele*, 36 N.C. App. 601, 604, 244 S.E. 2d 466, 468-469 (1978), this Court held that the trial court's conclusions as to the abilities of the parties to provide support must be supported by "findings of specific facts (*e.g.*, incomes, estates)" and that conclusions as to the reasonable needs of the minor children must be supported by findings of specific facts as to actual past expenditures. Where past expenditures are below subsistence, due regard must be given to meeting the reasonable needs of the child.

In the present case, there was evidence in the form of an affidavit submitted by defendant that itemized the monthly financial needs of the three minor children. These needs amounted to $946.00. In her testimony, defendant indicated that these itemized amounts were in excess of actual past expenditures but that they reflected her needs. There was no evidence that the needs of the children were otherwise than specified in defendant's affidavit.

The trial court, in its order, made specific reference to the defendant's affidavit rather than setting forth the specific facts

regarding the needs of the children. To have done otherwise would have amounted to a recitation of the uncontradicted evidence.

With respect to the other half of the child support equation, the relative abilities of the parties to pay, plaintiff excepts to and assigns as error the trial court's findings of fact regarding the respective incomes and estates of plaintiff and defendant. Plaintiff argues that these findings of fact were not supported by the evidence. While there is conflicting evidence on these points, the findings of fact are supported by evidence in the record introduced without objection, and are thus binding on appeal. Plaintiff's assignments of error amount to an attempt to reargue the evidence adduced at the hearing in the hope that this Court will substitute itself for the trial court and accept plaintiff's version of the evidence. This we cannot do. *Beall v. Beall,* 290 N.C. 669, 228 S.E. 2d 407 (1976). "The trial court must itself determine what pertinent facts are actually established by the evidence before it, and it is not for an appellate court to determine *de novo* the weight and credibility to be given to evidence disclosed by the record on appeal." *Coble v. Coble,* 300 N.C. at 712-713, 268 S.E. 2d at 189.

Based on these findings, the trial court concluded that plaintiff should be ordered to pay child support in the amount of $750.00 per month. Plaintiff argues that the trial court, in setting this amount, made no inquiries as to the reasonableness of the expenses itemized in defendant's affidavit and no finding as to the relative abilities of the parties to pay. With regard to the expenses of a party claiming child support, there is a requirement that the trial court be satisfied as to the reasonableness of the itemized expenses. *Coble v. Coble,* 300 N.C. 708, 268 S.E. 2d 185 (1980). However, absent contrary indications in the record, there is no requirement that a specific conclusion as to the reasonableness of such expenses be made, although to do so is the preferred practice. In such a case, as here, it is presumed, absent evidence to the contrary, that the expenses claimed have been deemed reasonable by the trial court. *Id.*

The trial court's conclusion is also premised on specific findings of fact that defendant is unable to pay the itemized expenses from her income and that plaintiff has the ability to pay an in-

creased amount of child support. Again, plaintiff's contention that these findings are not based on record evidence is without merit and the trial court's conclusion was properly drawn. Moreover, in awarding the amount of $750.00 per month, the trial court substantially reduced the amount of child support claimed by defendant, indicating that there was some regard given to the reasonableness of the expenses and the relative abilities of the parties to provide for them. The amount of child support to be awarded is within the discretion of the trial court, based on its consideration of the evidence before it. Absent a showing of an abuse of that discretion, the trial court's award will not be disturbed on appeal. *Gibson v. Gibson,* 24 N.C. App. 520, 211 S.E. 2d 522 (1975). Such a showing has not been made by plaintiff in this case. Further, plaintiff makes no exception in his appeal to the trial court's finding of fact that the children need support from plaintiff in the amount of $750.00 per month.

[2] Plaintiff next excepts to and assigns as error the trial court's finding of fact that there had been a change in circumstances since the signing of the separation agreement in December 1978. Plaintiff contends that there is no evidence that he is any better able to provide for the support of the children or that the needs of the children have increased. In the absence of such evidence, plaintiff argues, such a finding of fact is improper and modification of the amount of child support specified in the Separation Agreement was not warranted.

The amount of child support agreed to by the parties to a Separation Agreement is presumed to be just and reasonable. *Fuchs v. Fuchs,* 260 N.C. 635, 133 S.E. 2d 487 (1963). However, separation agreements are not binding on the courts and the presumption of the reasonableness of the child support specified therein attaches only in the absence of evidence to the contrary. *Id.* Here, there is evidence to support the trial court's finding of fact. This evidence was introduced without objection at the hearing, therefore, the trial court's finding of fact will not be disturbed.

[3] Finally, plaintiff assigns as error the award by the trial court of attorney's fees to defendant's attorney. Plaintiff contends that such an award is appropriate in actions for child support only where it is alleged and proved that the party claiming attorney's

fees is (1) acting in good faith, (2) has insufficient means to defray the expense and (3) the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time the action is instituted. Plaintiff further contends that such relief must be prayed for in the pleadings. In support of his contention, plaintiff argues that defendant's Answer and Counterclaim does not make the required allegations or pray for the appropriate relief and that an award of attorney's fees is therefore improper.

The findings required to justify an award of attorney's fees must ordinarily be alleged and proved, *Hudson v. Hudson*, 299 N.C. 465, 263 S.E. 2d 719 (1980), and the court must find as a fact that the request for adequate support had been refused at the time the matter was instituted. N.C. Gen. Stat. Sec. 50-13.6. However, when issues not raised in the pleadings are tried by the express or implied consent of the parties, North Carolina allows for the pleadings to be amended to conform to the evidence. N.C. Gen. Stat. Sec. 1A-1, Rule 15(b). Where a party offers evidence at trial which introduces a new issue and there is no objection by the opposing party, the opposing party is viewed as having consented to the admission of the evidence and the pleadings are deemed amended to include the new issue. *Hardison v. Williams*, 21 N.C. App. 670, 205 S.E. 2d 551 (1974).

Here, the required allegations and pleadings were not made in defendant's answer and counterclaim. However, it was found from the evidence at the hearing that the defendant was acting in good faith, that she had insufficient means to defray the expense of the suit and that plaintiff had refused a request to furnish adequate support at the time the action was instituted. These findings are supported by evidence in the record which was introduced at the hearing without objection by plaintiff. Since plaintiff did not object to the admission of this evidence, the pleadings are deemed to be amended to conform to the evidence and the trial court's award of attorney's fees was therefore proper.

Affirmed.

Chief Judge VAUGHN and Judge ARNOLD concur.