BETTY YOUNG ATWELL v. GARY HUGH ATWELL

No. 8426DC525

(Filed 16 April 1985)

1. **Divorce and Alimony § 24.9— child support order—findings of parties' income —insufficient**

     The trial court erred in its award of child support in that the order contained insufficient factual findings as to the income of the parties in that the court found that the wife had an income of $800 per month when the only evidence of her income was her affidavit showing $650 per month, and the finding addressing the husband's income took into account his projected earnings in addition to his actual earnings.

2. **Divorce and Alimony § 24.9— child support order—insufficient finding of parties' estates**

     An order awarding child support did not contain sufficient findings as to the parties' estates where the court found only that the parties owned a house with $25,000 equity but did not find the fair market value, and found only that there were substantial family obligations reflected in the affidavits of the parties.

**3. Divorce and Alimony § 24.9— child support order—insufficient findings as to needs and expenses of parties**

A child support order contained insufficient findings as to the needs and expenses of the parties in that the court failed to make any findings as to the wife's individual needs apart from fixed household expenses, although she itemized those expenses in her affidavit. The wife's fixed expenses were not divided into amounts attributable to the wife, the minor child, and the wife's two daughters from her previous marriage; the husband's fixed expenses were not taken into account; there was no evidence that the husband no longer incurred fixed expenses even though he was living with his parents; and part of his itemized expenses were for life insurance and his automobile, which would be unaffected by a change in residence.

**4. Divorce and Alimony § 24.9— child support order—reasonable needs of child—findings insufficient**

A child custody order did not contain sufficient findings upon which the court could reach a conclusion as to the reasonable needs of the child where the record was devoid of any finding relating to the actual past expenditures of the minor child. A finding that the wife's needs for maintenance of the child were no less than $500 per month was not supported by the evidence. Moreover, the conclusion that the parents should share equally in the expense of maintaining their child did not support setting defendant husband's support obligation at greater than a one-half share.

**5. Divorce and Alimony § 27— child support order—attorneys' fees awarded—abuse of discretion**

The trial court in a child support action abused its discretion by ordering that the husband pay attorneys' fees based on a finding that the wife had insufficient means to defray the expenses of the suit when the finding was in reality a conclusion of law.

**6. Divorce and Alimony § 27— child support order—award of attorneys' fees—insufficient findings**

An award of counsel fees in an action for child support was vacated where findings that the wife's counsel had spent six hours working on the case and that the value of such services was $200 were wholly unsupported by the evidence.

APPEAL by defendant from *Cantrell, Judge*. Order entered 26 March 1984 in District Court, MECKLENBURG County. Heard in the Court of Appeals 11 January 1985.

*No brief filed for plaintiff appellee.*

*Ronald Williams, P.A., by Ronald Williams, for defendant appellant.*

BECTON, Judge.

I

We must determine whether the trial court's awards of child support and counsel fees were proper.

Plaintiff wife, Betty Young Atwell, and defendant husband, Gary Hugh Atwell, were married on 29 October 1976. One child was born of the marriage, Gary Michael, aged 6 at the time of the child support hearing. The parties separated in September 1983. The husband testified that he paid the wife $108 per month in child support from the time of separation until the time of the hearing.

On 17 November 1983 the wife filed a Complaint seeking alimony *pendente lite*, permanent alimony, custody and support of the minor child, the use and possession of the marital home, and counsel fees. In his Answer, the husband sought to have all relief denied the wife save custody and a reasonable amount of child support. Both parties submitted affidavits of financial standing and the husband also submitted his 1981 and 1982 tax returns.

A hearing was held in Mecklenburg County District Court on 28 February 1984. The trial court stated it would only hear evidence on the issue of child support, reserving the issue of alimony. The husband testified, *inter alia*, that he was a self-employed carpenter's helper, that it had been three years since he was employed full time, and that he had earned $1,400 net profit between 1 January 1984 and the date of the hearing. He also testified that he was currently living with his parents in Tennessee.

The trial court entered an order awarding the wife custody, setting child support at $300 per month, and ordering the husband to pay counsel fees of $200. The court also awarded the wife use and possession of the marital home and the parties' 1977 Chevrolet. The husband appeals, assigning error to those portions of the order concerned with the awards of child support and counsel fees. For the reasons stated below, we agree with the husband that the trial court erred in making these awards. We therefore vacate the order in question, and remand the cause for entry of a proper order.

## II

We turn first to the child support portion of the order.

The legal principles which govern the determination of child support have been frequently stated and summarized as recently as the Supreme Court's opinion in *Plott v. Plott*, 313 N.C. 63, 326 S.E. 2d 863 (1985) at 7-9. Briefly, under N.C. Gen. Stat. Sec. 50-13.4(c) (1984), "an order for child support must be based upon the interplay of the trial court's conclusions of law as to (1) the amount of support necessary to 'meet the reasonable needs of the child' and (2) the relative ability of the parties to provide that amount." *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E. 2d 185, 189 (1980). These conclusions must be based upon factual findings sufficiently specific to indicate that the trial court took "due regard" of the factors enumerated in the statute, namely, the "estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case." G.S. Sec. 50-13.4(c); *Coble; Byrd v. Byrd*, 62 N.C. App. 438, 303 S.E. 2d 205 (1983).

These findings must, of course, be based upon competent evidence, and "[i]t is not enough that there may be evidence in the record sufficient to support findings which *could have been made*. The trial court must itself determine what pertinent facts are actually established by the evidence before it. . . ." *Coble*, 300 N.C. at 712, 268 S.E. 2d at 189. In short, the evidence must support the findings, the findings must support the conclusions, and the conclusions must support the judgment; otherwise, effective appellate review becomes impossible. *Coble.*

[1] Applying these principles to the case before us, we discover that the order contains insufficient factual findings as to the incomes, estates, and present reasonable expenses of the parties upon which the trial court could have adequately determined the relative abilities of the parties to provide support. As to the parties' incomes, the court found that the wife has a net income of approximately $800 per month, and that the husband

is self-employed as a carpenter, . . . and expects net profits of between $700.00 and $800.00 per month until he gets his business built up; further, that the [husband] has actually had

net earnings of $1,400.00 as [a] result of being self-employed
. . . from January 1, 1984 through the date of this hearing [28
February 1984]. That the [husband] is capable of being em-
ployed on a regular and ongoing basis. . . .

Although no error is assigned thereto, we note that the only
evidence as to the wife's income appears in her affidavit, where
she states that her net income is $650 per month, and thus the
finding as to the wife's income is not supported by the evidence.
The finding addressing the husband's income took into account his
projected earnings, in addition to his actual earnings. This was
improper. The general rule is that the ability of a party to pay
child support is determined by that person's income at the time
the award is made. *Holt v. Holt*, 29 N.C. App. 124, 223 S.E. 2d 542
(1976). Only when there are findings based on competent evidence
to support a conclusion that the supporting spouse or parent is
deliberately depressing his or her income or indulging in ex-
cessive spending to avoid family responsibilities, can a party's
capacity to earn be considered. *Beall v. Beall*, 290 N.C. 669, 228
S.E. 2d 407 (1976); *Whitley v. Whitley*, 46 N.C. App. 810, 266 S.E.
2d 23 (1980). The court made no such findings, and it therefore
committed error in considering the husband's capacity to earn in
computing his income.

[2] The findings as to the parties' estates are also inadequate.
*See Newman v. Newman*, 64 N.C. App. 125, 306 S.E. 2d 540, *disc.
rev. denied*, 309 N.C. 822, 310 S.E. 2d 351 (1983) ("estates" refers
to, *inter alia*, "savings; real estate holdings, including fair market
value and equity; stocks; and bonds"). Although the court found
that the parties owned a house as tenants by the entireties, with
equity of $25,000, it failed to find the fair market value. It also
found that there are "substantial family obligations outstanding,
which are as reflected in the affidavits of the parties. . . ." Both
parties' financial affidavits contain detailed lists of debt obliga-
tions, specifying creditors and the dollar amount owed on each
debt. Indeed, the husband's affidavit reflects debts totalling over
$14,000. In our opinion, the trial court's broadly worded finding
that the parties had incurred debts falls short of the specificity
requirement for findings of fact in child support orders.

[3] The trial court made the following findings as to the needs
and expenses of the parties:

That the [wife's] fixed expenses for the maintenance of her household are approximately $861.00 per month.

That the [husband] presently lives with his parents in Burns, Tennessee and has monthly financial needs of approximately $475.00 per month.

These findings are insufficient.

The trial court failed to make any findings as to the wife's individual needs apart from fixed household expenses, although she itemized these needs, which included clothing and food expenses, in her affidavit. Furthermore, the $831 of fixed expenses was not divided into the amounts attributable to the wife, the minor child, and to the wife's two daughters from her previous marriage, who apparently reside with the wife. As to the husband, although the record supports the finding that the husband's monthly individual needs are approximately $475, the trial court failed to take his fixed expenses into account, which expenses the husband lists as $695 monthly. Although the husband testified, and the trial court found, that he is currently living with his parents, no evidence was produced indicating that the husband no longer incurs fixed monthly expenses. Significantly, $268 of the husband's itemized fixed monthly expenses are for life insurance, and for expenses connected with his automobile, and would clearly be unaffected by a change in residence.

[4]   Nor does the order contain proper findings upon which the trial court could reach a conclusion as to the reasonable needs of the child. In order to determine the reasonable needs of the child, the trial court must hear evidence and make findings of specific fact on the child's actual past expenditures and present reasonable expenses. *Newman v. Newman.* The record is devoid of any finding relating to the actual past expenditures of the minor child. Although there is a finding ostensibly relating to the present reasonable expenses of the child, *i.e.*, that the wife's needs for "maintenance" of the child are "no less than $500.00 per month," this finding is not supported by the evidence. The wife's affidavit sets the child's individual monthly needs at $308.63. There is no other evidence regarding the child's individual financial needs. Perhaps the trial court was estimating what portion of the fixed household expenses was attributable to the child. However, as discussed, there is no evidence apportioning the expenses, and

factual findings must be supported by evidence, and not based on speculation.

In summary, although the trial court made conclusions concerning the child's reasonable needs, and the parents' relative abilities to pay, that "it is appropriate for them to share equally the expenses of maintaining the minor child," both of which are improperly denominated findings of fact, these conclusions are not supported by proper findings based on competent evidence. Therefore, the award of child support cannot stand. Even if the conclusions had been properly substantiated, the judgment does not follow therefrom. The court concluded that the parents should "share equally" in the expense of maintaining their child, which expense it found to be $500 per month, yet it set the amount of defendant's child support obligation at $300 per month, a greater than one-half share.

### III

[5] The husband also assigns error to the trial court's award of $200 counsel fees, which is based on the following finding:

> That the [wife's] attorney has spent in excess of 6 hours working on [wife's] behalf in this action, and that the value of said legal services exceeds $200.00; further, that the [wife] is entitled to an award from the [husband] as counsel fees. [The wife] being an interested party acting in good faith with insufficient means to defray the expenses of this suit.

N.C. Gen. Stat. Sec. 50-13.6 (1984) provides, in pertinent part, that

> [i]n an action or proceeding for the custody or support . . . of a minor child, . . . the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit.

In a custody and support action, the trial judge has the discretion to award attorney's fees once the statutory requirements of G.S. Sec. 50-13.6 (1984) have been met. While whether the statutory requirements have been met is a question of law, reviewable on appeal, the amount of attorney's fees is within the sound discretion of the trial judge and is only review-

able for an abuse of discretion. *Hudson v. Hudson*, 299 N.C. 465, 263 S.E. 2d 719 (1980). We find that the trial court's order was not in compliance with the statutory requirements.

The trial court found that the wife was an interested party, and acting in good faith, and the husband does not challenge these findings. The trial court also found that the wife had insufficient means to defray the expenses of the suit. This "finding" is, in reality, a conclusion of law. *See Quick v. Quick*, 305 N.C. 446, 290 S.E. 2d 653 (1982). However, no factual findings support it. *See id.* This constitutes an abuse of discretion. *Rogers v. Rogers*, 39 N.C. App. 635, 251 S.E. 2d 663 (1979). On remand, the court must make findings to support the conclusion that the wife does not have the means to defray her legal expenses, that is, it must find she is unable to employ adequate counsel in order to proceed as litigant to meet the other spouse as litigant. *Quick; Hudson.*

[6] Finally, a proper order under G.S. Sec. 50-13.6 (1984) must contain factual findings upon which a determination of the reasonableness of the counsel fees might be based, *e.g.*, findings as to the nature and scope of the legal services rendered, and the time and skill required. *Austin v. Austin*, 12 N.C. App. 286, 183 S.E. 2d 420 (1971). The only applicable findings in the order, that the wife's counsel had spent six hours working on the case, and the value of such services was $200, were wholly unsupported by any evidence. As no evidence supports the award of attorney's fees, that portion of the order must also be vacated. *See Rogers v. Rogers* (although counsel submitted detailed affidavit concerning legal services at court's request, order vacated because court failed to make findings as to reasonableness of fees).

## IV

In conclusion, both the amount of child support and the award of attorney's fees were arrived at improperly. We therefore vacate the order and remand the cause for findings of fact on the matters discussed in this opinion, for evidence on the portion of the wife's fixed expenses attributable to the child, and for the entry of an order determining child support.

Vacated and remanded.

Judges JOHNSON and MARTIN concur.