AUDREY S. CAMERON v. DONALD P. CAMERON

No. 8811DC806

(Filed 6 June 1989)

**1. Divorce and Alimony § 24.1— amount of child support—earning capacity considered over actual income—improper test**

The trial court erred in setting an amount for child support based on defendant's earning capacity as opposed to his actual earnings where the evidence tended to show that defendant had farmed for seventeen years, had purchased a substantial amount of farm equipment for use in his farming operation, and had experienced a net loss from farming for the last three years but had made a profit in the past; defendant took a job as a contract mail carrier working three days a week in order to supplement his farming income and meet his obligation to support his child; and there was no evidence that defendant was engaging in any tactics to avoid paying child support.

**2. Divorce and Alimony § 27— modification of child support—payment of attorney fees ordered—insufficient findings**

The trial court's findings were insufficient to support its award of attorney fees to plaintiff in a child support modification action where the court found only that plaintiff did not have the ability to defray the expenses of adequate representation, that the attorney provided valuable services, and that the attorney spent in excess of five hours representing plaintiff, but the court made no findings concerning the attorney's skill and hourly rate and the nature or scope of the services rendered.

CAMERON v. CAMERON

[94 N.C. App. 168 (1989)]

APPEAL by defendant from *Willis, O. Henry, Judge.* Order entered 28 December 1987 and signed 11 July 1988 in District Court, HARNETT County. Heard in the Court of Appeals 14 March 1989.

Defendant appeals from an order granting plaintiff custody of the couple's minor child, and ordering defendant to pay child support and plaintiff's attorney's fees. He contests the order as it relates to the amount of child support awarded and the payment of attorney's fees.

*Johnson and Johnson, P.A., by W. Glenn Johnson for plaintiff-appellee.*

*Moretz & Silverman, by J. Douglas Moretz for defendant-appellant.*

JOHNSON, Judge.

Plaintiff and defendant were married on 28 October 1967. One child was adopted during this marriage. On or about 1 November 1984 the parties entered into a separation agreement. Pursuant to the agreement, defendant consented to pay $200.00 per month as child support, $300.00 per month for the house payment and one-half of the maintenance expenses on the marital home.

On or about 4 September 1987 plaintiff commenced the action from which this appeal was taken seeking a court ordered adjudication of child custody and an order setting the amount of child support defendant should be required to pay. In this action, plaintiff also requested attorney's fees.

When the matter was heard on 28 December 1987, the trial court determined that based upon defendant's *earning capacity* as opposed to his *actual earnings*, defendant should be required to pay $259.00 per month for child support. This was a $59.00 monthly increase from the amount defendant had agreed to pay as per the separation agreement. The court also required defendant to make the $300.00 monthly house payment and to pay one-half of the maintenance on the home. Therefore, the only monetary change between the defendant's obligations pursuant to the separation agreement and the court order is a $59.00 increase in the monthly child support payment.

On appeal, defendant presents two questions for review. He contends that the trial court committed reversible error in setting the amount of child support, and in granting attorney's fees to the plaintiff. Because we agree that the trial court erred in making both awards, we reverse and remand.

In finding of fact number fifteen the trial court stated the following:

> The defendant is a farmer and a truck driver. During the years 1984, 1985 and 1986, the defendant had a net loss from his farming operation. During 1987 the defendant had an estimated profit of Fifteen Hundred Dollars ($1,500) resulting from his farming operation. The defendant is earning approximately Eleven Thousand Dollars ($11,000) per year as a contract mail carrier working three (3) days per week at this time. [The defendant is capable of driving a truck five (5) days per week and of earning Eighteen Thousand Dollars ($18,000.00) per year as a result thereof.]

The court then set the amount of child support in finding of fact number eighteen as follows:

> [On the basis of the estate, earnings [,] condition and accustomed standard of living of each of the parties and of Leigh Howell Cameron, the defendant has the ability to contribute the sum of Two Hundred Fifty-Nine Dollars ($259.00) per month for the use, support and benefit of Leigh Howell Cameron, minor child. This amount is in addition to the $300.00 per month house payments and other amounts which the defendant is paying pursuant to paragraph 3 of the separation agreement which has been entered into evidence as defendant's exhibit 9.]

[1]  G.S. sec. 50-13.4(c) provides that an order setting the amount of child support should be based upon a child's reasonable needs with due regard given to the "estates, earnings, conditions, [and] [the] accustomed standard of living of the child and the parties . . ." Ordinarily, in determining a party's ability to support the child, the court should consider the party's present earnings. *Powell v. Powell*, 25 N.C. App. 695, 214 S.E. 2d 808 (1975). Where, however, evidence exists that a party is intentionally failing to realize his earning capacity or engaging in excessive spending to avoid the support obligation, the court may base its award on earning capacity. *Beall v. Beall*, 290 N.C. 669, 228 S.E. 2d 407 (1976).

CAMERON v. CAMERON

[94 N.C. App. 168 (1989)]

In the case *sub judice*, we have no evidence that defendant was engaging in any tactics to avoid paying child support. The evidence reveals that defendant has been a farmer for seventeen years; that he has purchased a substantial amount of farm equipment for use in his farming operation; and that he has experienced a net loss from farming for the last three years but has made a profit from this business in the past. Defendant testified that he took the job with Leonard Pender, a private citizen with a contract to transport mail for the U. S. Postal Service in order to supplement his farming income and meet his obligation pursuant to the separation agreement to pay $200.00 per month child support.

This evidence does not authorize a support award based upon earning capacity.

If the [parent] is honestly and in good faith engaged in a business to which he is properly adapted, and is making a good faith effort to earn a reasonable income, the award should *be based on the amount which defendant is earning when the award is made.* To base an award on capacity to earn rather than actual earnings, there should be a finding, based on evidence that the [parent] is failing to exercise his capacity to earn because of a disregard of his marital obligation to provide reasonable support . . .

*Holt v. Holt*, 29 N.C. App. 124, 126, 223 S.E. 2d 542, 544 (1976) *quoting Robinson v. Robinson*, 10 N.C. App. 463, 468, 179 S.E. 2d 144, 147 (1971) (emphasis added). All the evidence in the case *sub judice* points to a genuine effort by defendant to engage in his chosen profession and to support his family as well. Therefore, we reverse this award of child support and remand this case so the court may make a determination based upon defendant's present earnings.

[2] By his second and last Assignment of Error, defendant contends that the trial court erroneously ordered payment of plaintiff's attorney's fees. We agree.

G.S. sec. 50-13.6 provides the rules by which a trial court may order the payment of counsel fees in child custody and support actions.

In an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for

custody or support, or both, the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit. Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding; . . .

The trial court must make specific findings of fact relevant to: (1) The movant's ability to defray the cost of the suit, specifically that the movant is unable to employ counsel so that he may proceed to meet the other litigant in the suit; (2) whether the movant has initiated the action in good faith; (3) the attorney's skill; (4) the attorney's hourly rate charged; and (5) the nature and extent of the legal services performed. *Boyd v. Boyd*, 81 N.C. App. 71, 343 S.E. 2d 581 (1986); *In re Baby Boy Scearce*, 81 N.C. App. 662, 345 S.E. 2d 411 (1986).

In the case at bar the trial court failed to make the specific findings of fact as required by statute and case law. The court only found that plaintiff did not have the ability to defray the costs and expenses to employ adequate representation; that the attorney had provided valuable services; and that the attorney expended in excess of (5) hours representing plaintiff. The court then ordered defendant to pay $375.00 "as partial payment" of attorney's fees.

We hold that these findings are inadequate to support an award for payment of attorney's fees, and the trial court committed an abuse of discretion by doing so. *Atwell v. Atwell*, 74 N.C. App. 231, 328 S.E. 2d 47 (1985); *Rogers v. Rogers*, 39 N.C. App. 635, 251 S.E. 2d 663 (1979). In *Quick v. Quick*, 305 N.C. 446, 290 S.E. 2d 653 (1982), the Court held that a bald statement that a party has insufficient means to defray the expenses of the suit is not a finding of fact at all but a conclusion of law. We have before us little more than that. Therefore, we vacate the order awarding attorney's fees to plaintiff and remand this case so that the findings of fact required by statute may be made.

On remand, the trial court is directed to submit an order containing specific findings so that a determination as to the reasonableness of the fee awarded may also be made. *Atwell, supra.* As the present order is written, we have no evidence before us to indicate the attorney's skill, hourly rate, nor the nature or scope

IN RE APPLICATION OF RAYNOR

[94 N.C. App. 173 (1989)]

of the services rendered. Because no evidence supports the amount awarded, that portion of the order must also be vacated.

Vacated and remanded.

Judges PHILLIPS and PARKER concur.