THORNBURG, Judge.
Keith H. Childers ("defendant") appeals from an equitable distribution, alimony, and attorney fees order entered 1 July 2003 and an order denying defendant's request for a decrease in his child support and post-separation support obligations entered 5 September 2003.
Beverly J. Childers ("plaintiff") and defendant were married on 30 March 1985 and have two children from the marriage, born 7 May 1988 and 1 September 1991. Plaintiff and defendant separated on 14 July 2002. On 15 July 2002, plaintiff filed a complaint for child custody, child support, post-separation support, alimony,equitable distribution and attorney fees. On 23 September 2002, the district court entered an order requiring defendant to pay child support and post-separation support. On 11 February 2003, defendant filed a motion requesting that the court reduce his child support payments and eliminate his post-separation support payments. A hearing on these matters was conducted on 11 and 12 March 2003 in New Hanover County District Court. The court issued orders on 1 July 2003 and 5 September 2003 addressing these matters. On appeal, defendant contends that the trial court erred in its classification and distribution of a First Union CAP account, in making an unequal distribution to plaintiff, in awarding alimony to plaintiff, and in denying defendant's motion to decrease child support and post-separation support.
Classification of the First Union CAP Account
Defendant first argues that the trial court erred by finding and concluding that the First Union CAP account was marital property. N.C. Gen. Stat. . 50-20 requires the trial court to classify the parties' property as marital or separate. This section defines marital and separate property as follows:
"Marital property" means all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of the separation of the parties, and presently owned, except property determined to be separate property or divisible property . . . . It is presumed that all property acquired after the date of marriage and before the date of separation is marital property except property which is separate property . . . . This presumption may be rebutted by the greater weight of the evidence.
"Separate property" means all real and personal property acquired by a spouse before marriage or acquired by a spouse by bequest, devise, descent, or gift during the course of the marriage . . . . Property acquired in exchange for separate property shall remain separate property regardless of whether the title is in the name of the husband or wife or both and shall not be considered to be marital property unless a contrary intention is expressly stated in the conveyance. The increase in value of separate property and the income derived from separate property shall be considered separate property.
N.C. Gen. Stat. § 50-20(b)(1),(2)(2003).
It is undisputed that the property at issue was acquired during the marriage, before the date of separation, and is presently owned. Defendant, however, contends that the trial court erred by not classifying a portion of the account as defendant's separate property. Specifically, defendant points to evidence that his father provided $10,000 and his mother provided $3,000 to fund the account to further his contention that portions of the account are defendant's separate property.
The trial court made the following finding of fact in regard to these events:
At separation, the parties had a joint account at First Union which consisted of $9,922.32 in the "money market account" and 3100 shares of Parametric Technology Corp. stock at $3.06 per share, for a total value, at separation of $19,408. Defendant contended that this account contained money that he had received from his father and had used the funds and invested them on his father's behalf in Parametric Technology stock. Defendant further contended that the account contained money that he had received from his mother to invest in Terex stock but that he had failed to invest said sum for her. The Court finds that funds were deposited into and withdrawnfrom this account by Defendant on a regular basis; that Defendant bought and sold Parametric Technology stock several times since 1997; that the funds received from said sales were, from time to time, a part of this CAP account; and that Defendant reported the gains and losses on these sales of stock on the parties' joint tax returns for the applicable years. The Court finds that Defendant cannot trace the funds received from his father and his mother into the funds which were on deposit at the time of separation and the Court therefore finds that the balance in the CAP account at separation is martial property.
A trial court's determination that property is to be labeled marital or separate will not be disturbed on appeal if there is competent evidence to support the determination. Minter v. Minter, 111 N.C. App. 321, 329, 432 S.E.2d 720, 725, disc. review denied, 335 N.C. 176, 438 S.E.2d 201 (1993). After careful review of the record on appeal, we conclude that the trial court did not err in classifying this account as marital property.
In Minter, the defendant presented evidence that he received inheritances of investment securities, and that he purchased various other assets with funds from the sale of these inheritances. Id. at 323-24, 432 S.E.2d at 722. There was no dispute that the contested assets were acquired during the marriage. This Court found that "[o]nce this showing [that the assets were acquired during the marriage] had been made, the burden of proof necessary to show that the assets were marital had been met. The burden then shifted to the defendant to show that the source of the contested property was separate property[.]" Id. at 327, 432 S.E.2d at 724. The defendant in Minter testified that hecould not trace all of the various assets he inherited to the assets he and his wife owned on the date of separation. Id. at 328, 432 S.E.2d at 725. The defendant had placed funds from various sources into the various accounts, and from these accounts other investments were purchased, including the contested assets. Id. at 323, 432 S.E.2d at 722.
As in Minter, the contested assets in the present case were acquired during the marriage but defendant argued that separate funds were used to acquire these assets. However, just as in Minter, there is competent evidence in the record to support the trial court's determination that defendant was unable to trace the funds he argued were his separate property to assets present in the CAP account at the time of the parties' separation. Defendant testified that the CAP account was his and plaintiff's account and, that during the marriage, funds from the account were used to pay the bills of the parties. No detailed records were offered by defendant accounting for any portion of the account attributable to defendant's parents except for cancelled checks for $10,000 and $3,000. Nor does the record reveal that defendant presented more than a few months of the records of the deposits and disbursements made during the marriage. Thus, we conclude that the trial court correctly determined that defendant failed to carry his burden of proof to show that any part of this account was his separate property.
Unequal Distribution of the Marital Assets
Defendant next contends that the trial court abused its discretion in making an unequal division of the marital property. However, defendant fails to cite any authority in support of this argument. Accordingly, these assignments of error are deemed abandoned. N.C. R. App. P. 28(b)(6)(2003).
Alimony
Defendant next argues that the trial court erred by awarding alimony to plaintiff. Specifically, defendant argues that the trial court erred by using the earning capacity standard to determine alimony without also entering a finding that defendant is deliberately suppressing his income to avoid family responsibilities.
[A]n award of alimony may be based upon the supporting spouse's ability to earn as distinguished from his actual income . . . when it appears from the record that there has been a deliberate attempt on the part of the supporting spouse to avoid his financial family responsibilities by refusing to seek or to accept gainful employment; by willfully refusing to secure or take a job; by deliberately not applying himself to his business; by intentionally depressing his income to an artificial low; or by intentionally leaving his employment to go into another business.
Bowes v. Bowes, 287 N.C. 163, 171-72, 214 S.E.2d 40, 45 (1975). Moreover, this Court has held in the context of a child support order that "'[i]t is not enough that there may be evidence in the record sufficient to support findings which could have been made. The trial court must itself determine what pertinent facts are actually established by the evidence before it . . . .'" Atwell v.Atwell, 74 N.C. App. 231, 234, 328 S.E.2d 47, 49 (1985)(quoting Coble v. Coble, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980).
In the case at bar, the trial court's order awarding alimony does not contain a specific finding that defendant is deliberately ressing his income to avoid family responsibilities. Plaintiff contends that any failure by the trial court to make this specific finding is cured by the order refusing to modify post-separation support and child support, which was based on the same evidence and does contain such a finding. We are unconvinced, however, that the trial court's finding in a separate order satisfies Atwell, and thus remand this issue to the trial court to make a specific finding as to whether defendant was deliberately depressing his income, which would support an award of alimony.
Order Refusing to Decrease Post-separation Support and Child Support
This assignment of error pertains to the trial court's order entered 5 September 2003 denying defendant's motion for a decrease in support payments. Defendant asserts that the trial court's finding that "[d]efendant appears to be intentionally depressing his income in order to avoid paying his child support and post-separation obligations to Plaintiff" is not supported by competent evidence. We disagree.
The evidence presented at the hearing tended to show that defendant was terminated in November of 2002, and, that as of the March 2003 hearing, defendant had failed to apply for any type of employment. Defendant also testified that since his severance payended in the first week of February, the only efforts he made to receive unemployment benefits were to look on the internet to determine how much he would be entitled to, if he applied. Based on this evidence, we conclude that the trial court did not abuse its discretion by declining to modify defendant's post-separation support and child support. See Bowes, 287 N.C. at 172, 214 S.E.2d at 45 (refusing to seek gainful employment is a factor sufficient to warrant the imposition of the earning capacity rule).
Affirmed in part, remanded in part.
Judges WYNN and HUNTER concur.
Report per Rule 30(e).