An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-815

NORTH CAROLINA COURT OF APPEALS

Filed: 4 February 2014

LISA C. BROWNSTEAD,
    Plaintiff,

    v.

CHRISTOPHER K. BROWNSTEAD
    Defendant.

Mecklenburg County
No. 07 CVD 6452

Appeal by defendant from order entered 25 March 2013 by Judge Paige B. McThenia in Mecklenburg County District Court. Heard in the Court of Appeals 20 November 2013.

> *The Law Office of Donald J. Vicini, P.C., by Donald J. Vicini, for plaintiff-appellee.*

> *Seth B. Weinshenker, P.A., by Seth B. Weinshenker, for defendant-appellant.*

HUNTER, JR., Robert N., Judge.

Christopher Brownstead ("Defendant") appeals from a 25 March 2013 order finding Defendant in willful civil contempt for failure to pay child support payments and court-ordered attorney's fees for Lisa Brownstead ("Plaintiff"). Defendant contends the trial court's award of attorney's fees was an abuse of discretion because N.C. Gen. Stat. § 50-13.6 (2013) requires

that Plaintiff show she has insufficient means to defray the expense of the suit and that the trial court make specific findings to that effect. Defendant also argues that the trial court erred in modifying a prior order's "math error" of the amount of child support in arrears. After careful review, we vacate paragraph 2c of the trial court's order that requires Defendant to pay Plaintiff's attorney's fees and remand for further findings of fact concerning Plaintiff's ability to defray the costs of litigation. We affirm the remainder of the trial court's order.

## I. Facts & Procedural History

Plaintiff and Defendant were married to each other from 6 October 2001 and were separated on 10 September 2006. Three children were born during Plaintiff and Defendant's marriage. On 12 January 2010, Judge Donnie Hoover entered an Amended Order Regarding Modification of Child Support and Contempt in Mecklenburg County District Court. The order altered the prior temporary child support and custody order of the court due to a change in Defendant's employment. Defendant was ordered to pay $1,430.00 per month in permanent ongoing child support. Defendant remained responsible for $8,518.06 in past due payments payable before 14 June 2009 and the total amount of all

past due payments, $26,259.00. Defendant was required to continue to provide health insurance for the children. Lastly, Defendant was required to pay $2,500 of Plaintiff's attorney's fees. In its findings of fact, the trial court found that "Plaintiff instituted her Motions for Contempt in good faith and has insufficient means with which to defray the expenses of this suit."

Defendant did not comply with the 12 January 2010 order and Plaintiff filed motions for contempt requesting attorney's fees and judgments for past due amounts on 10 October 2011, 9 February 2012, and 15 June 2012. Orders were issued finding Defendant in contempt on 9 March 2010, 27 July 2010, 19 July 2011, and 25 March 2013, and each subsequent order altered the amounts owed by Defendant. Defendant appeals the 25 March 2013 order.

The 25 March 2013 contempt order found Defendant was in "willful civil contempt" and required Defendant to pay his past due child support obligations in two payments to Plaintiff of $6,636.50 and to pay continuing obligations of $1,430 and "[a]rrears payments of $500 until the total amount of $21,009.00 has been paid." The trial court explained the $21,009 figure was a correction of the 19 July 2010 order, which the trial

court said contained a "math error" on a prior arrearage figure. The trial court also ordered Defendant to pay "plaintiff's reasonable attorney fees and expenses in the total amount of $15,000 at the monthly rate of $400 per month" to Plaintiff's counsel. In Paragraph 24 of the order, the trial court found:

> 24. In Plaintiff's pleadings, specifically the October 10, 2011 verified Motion for Contempt, and the June 15, 2012 verified Amended Motion for Contempt and Determination of Attorney Fees, plaintiff affirmed that she was an interested party, acting in good faith, with insufficient means to defray the cost of litigation or pay her attorney for his services. During the September 12, 2012 hearing, Defendant did not cross-examine the Plaintiff on any of these issues, nor otherwise present any evidence to refute Plaintiff's verified claims. The court accepts Plaintiff's verified pleadings as Plaintiff's affidavit in support of Plaintiff's motion and as Plaintiff's affidavit upon which this order is, *inter alia*, based. The court finds that Plaintiff is an interested party, acting in good faith, who has insufficient means to defray the cost of litigation or to pay her attorney for his services, which would not have been necessary but for Defendant's wrongful and willful failure to comply with the valid orders of the court.

Defendant timely filed a written notice of appeal on 23 April 2013.

## II. Jurisdiction & Standard of Review

This Court has jurisdiction of this matter pursuant to N.C. Gen. Stat. § 5A-24 (2013) ("A person found in civil contempt may appeal in the manner provided for appeals in civil actions."); *Hancock v. Hancock*, 122 N.C. App. 518, 522, 471 S.E.2d 415, 418 (1996) ("[I]n civil contempt matters, appeal is from the district court to this Court.").

Defendant argues that the trial court abused its discretion in awarding attorney's fees to Plaintiff without making any findings of fact showing Plaintiff had insufficient means to defray her legal expenses. We agree. Defendant next argues the trial court erred in altering the total amount in arrears after discovering an error carried forward from a prior order. We disagree.

"The standard of review for contempt proceedings is limited to determining whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law." *Watson v. Watson*, 187 N.C. App. 55, 64, 652 S.E.2d 310, 317 (2007), *disc. review denied*, 362 N.C. 373, 662 S.E.2d 551 (2008). "'Findings of fact made by the judge in contempt proceedings are conclusive on appeal when supported by any competent evidence and are reviewable only for the purpose of passing upon their sufficiency to warrant the judgment.'"

*Id.* (quoting *Hartsell v. Hartsell*, 99 N.C. App. 380, 385, 393 S.E.2d 570, 573 (1990)). Where there is no finding of fact on an issue, there can be no competent evidence to support a conclusion of law on that issue. *See Winders v. Edgecombe Cnty. Home Health Care*, 187 N.C. App. 668, 674, 653 S.E.2d 575, 579 (2007).

### III. Analysis

Defendant first argues that the trial court made insufficient findings of fact that Plaintiff had insufficient means to defray the costs of litigation. We agree.

In an action for child custody, "the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit." N.C. Gen. Stat. § 50-13.6. "A party has insufficient means to defray the expense of the suit when he or she is unable to employ adequate counsel in order to proceed as litigant to meet the other spouse as litigant in the suit." *Taylor v. Taylor*, 343 N.C. 50, 54, 468 S.E.2d 33, 35 (citation and quotation marks omitted), *reh'g denied*, 343 N.C. 517, 472 S.E.2d 25 (1996). The trial court's findings concerning a party's ability to defray the costs of litigation must consist of more than a "bald statement that a

party has insufficient means to defray the expenses of the suit." *Cameron v. Cameron*, 94 N.C. App. 168, 172, 380 S.E.2d 121, 124 (1989) (vacating attorneys' fees order and remanding for sufficient findings of fact); *Atwell v. Atwell*, 74 N.C. App. 231, 238, 328 S.E.2d 47, 51 (1985) (vacating attorneys' fees award where findings of fact were insufficient to support determination that wife had insufficient means to defray litigation costs). Merely restating the statutory language in this respect is insufficient because this "finding" concerning a party's ability to defray the costs of litigation is, in substance, a conclusion of law; as such, it must be supported by findings of fact. *Atwell*, 74 N.C. App. at 238, 328 S.E.2d at 51 (citing *Quick v. Quick*, 305 N.C. 446, 290 S.E.2d 653 (1982)).

This Court more recently held in *Dixon v. Gordon*, ___ N.C. App. ___, 734 S.E.2d 299 (2012), *review denied*, ___ N.C. ___, 743 S.E.2d 191 (2013), that an order's recitation of "the bare statutory language" that the father in a child custody action did "not have sufficient funds with which to employ and pay legal counsel" to "meet [the mother] on an equal basis" was insufficient to support the award of attorneys' fees. *Id.* at ___, 734 S.E.2d at 305. Further, in *Dixon*, evidence of the father's income was found in the record, but we held there were

still "no findings in the trial court's order which detail this information." *Id.* This Court also noted that "more specific findings of fact are normally present in cases where attorney's fees are awarded for actions involving child custody." *Id.* at ___ n.1, 734 S.E.2d at 305 n.1; *see also Church v. Decker*, COA13-456, 2013 WL 6669119 at *2-3 (Dec. 17, 2013) (unpublished) (citing *Dixon* to note a lack of specific findings under similar facts).

Here, the trial court ruled that Plaintiff was entitled to attorney's fees by stating only the "bare statutory language" that Plaintiff had "insufficient means with which to defray the costs of this action" and not including any findings in its order to support this determination. Without such findings, the trial court's order for attorney's fees cannot be sustained. *Dixon*, ___ N.C. App. at ___, 734 S.E.2d at 305; *Cameron*, 94 N.C. App. at 172, 380 S.E.2d 124; *Atwell*, 74 N.C. App. at 238, 328 S.E.2d at 51-52. Accordingly, we remand this matter to the trial court for entry of adequate findings of fact, based on the evidentiary record, concerning Plaintiff's ability to defray the costs of litigation.

Defendant also argues that "there was no testimony or evidence offered by the Appellee to support those findings" that

Defendant was $21,009 in arrears instead of the $18,519 which was listed in the 26 July 2010 order. Defendant does not cite to any relevant authority for his argument except to state that contempt motions are not the usual method used to correct or amend a prior motion. Defendant only notes, without citation, that Rule 59(e) and Rule 60 of the North Carolina Rules of Civil Procedure are the usual motions used to correct prior orders.

Rule 28 of our Appellate Rules of Procedure provides:

> The body of the argument and the statement of applicable standard(s) of review shall contain citations of the authorities upon which the appellant relies. Evidence or other proceedings material to the issue may be narrated or quoted in the body of the argument, with appropriate reference to the record on appeal, the transcript of proceedings, or exhibits.

N.C. R. App. P. 28; *see also State v. Green*, 101 N.C. App. 317, 320, 399 S.E.2d 376, 378, *writ denied*, 328 N.C. 335, 400 S.E.2d 449 (1991) ("Under Rule 28(b)(5) of the N.C. Rules of Appellate Procedure, when a party fails to cite authority in support of an assignment of error, the party abandons that assignment of error.").

Further, "[i]t is not the duty of this Court to supplement an appellant's brief with legal authority or arguments not contained therein." *Eaton v. Campbell*, ___ N.C. App. ___, ___,

725 S.E.2d 893, 894 (2012) (citation and quotation marks omitted); *see also Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005); *Goodson v. P.H. Glatfelter Co.*, 171 N.C. App. 596, 606, 615 S.E.2d 350, 358 ("It is not the duty of this Court to supplement an appellant's brief with legal authority or arguments not contained therein."), *disc. review denied*, 360 N.C. 63, 623 S.E.2d 582 (2005).

Because Defendant does not cite any relevant legal authority noting that the trial court was prohibited from modifying the prior contempt order in a subsequent contempt order, we hold Defendant has abandoned his argument on appeal by failing to cite authority for his position.

## IV. Conclusion

As the trial court did not make specific findings of fact concerning Plaintiff's ability to defray the costs of litigation in this child custody case, we must remand this case to the trial court for further findings of fact on that issue. We affirm the trial court's modification of the trial court order.

Vacated and remanded in part, affirmed in part.

Judges ROBERT C. HUNTER and CALABRIA concur.

Report per Rule 30(e).