MARGARET HELENA HENNESSEY (FORMERLY DUCKWORTH), PLAINTIFF
v.
THOMAS MEREDITH DUCKWORTH, DEFENDANT

No. COA13-629

Filed 3 December 2013

**Attorney Fees—domestic action—separation agreement— sufficient findings of fact**

> The trial court did not err in a domestic case by awarding plaintiff attorneys fees under N.C.G.S. § 50-13.6. The attorney fees provision in a separation agreement between the parties did not apply since there was no determination of a breach of the agreement or order for specific performance. Furthermore, trial court's findings were supported by plaintiff's affidavits and the findings were sufficient to justify awarding plaintiff attorney fees.

Appeal by defendant from Order entered 31 December 2012 by Judge George J. Franks in District Court, Cumberland County. Heard in the Court of Appeals 22 October 2013.

*Lewis, Deese, Nance, Briggs & Hardin, LLP, by Victoria Gillispie Hardin, for plaintiff-appellee.*

*Ferrier Law, P.L.L.C., by Kimberly M. Ferrier, for defendant-appellant.*

STROUD, Judge.

Thomas Duckworth ("defendant") appeals from an order entered 31 December 2012 awarding his former wife, Margaret Hennessey ("plaintiff"), attorney's fees. For the following reasons, we affirm.

## I. Background

Plaintiff and defendant were married in January 2006, separated in June 2009, and later divorced. The parties have one minor child, born December 2005.

On or about 21 August 2009, plaintiff and defendant entered into a separation agreement ("the Agreement") that addressed property distribution, custody of the parties' minor child, alimony, and the relief available in case of breach, including attorney's fees. The Agreement was not incorporated into the divorce decree or other court order.

On 16 November 2009, plaintiff filed a complaint for a custody order "preserving and protecting the status quo of the minor child," child support based upon the child support guidelines, a temporary restraining order prohibiting defendant from harassing her, specific performance of the alimony provisions in the Agreement, and attorney's fees. Defendant answered and brought counterclaims based upon Chapter 50 seeking emergency custody as well as permanent primary custody, guidelines child support, and attorney's fees based upon these claims; defendant did not bring any claim for enforcement of the Agreement against plaintiff. After years of litigation, including a number of temporary custody orders, discovery, and cross-motions on various topics, the parties executed a consent order, entered 30 November 2012, to resolve all outstanding issues between them other than attorney's fees.

Under the 2012 consent order, the parties shared legal and physical custody of their child under a detailed custodial schedule, a parenting coordinator was appointed, child support was adjusted, and defendant was required to pay plaintiff $8,072. All outstanding claims for breach of contract, contempt, and other issues not explicitly resolved by the order were dismissed. The property distribution provisions of the original separation agreement were not affected by the consent order.

On 6 December 2012, the trial court held a hearing regarding both parties' requests for an award of attorney's fees and allowed plaintiff's request for attorney's fees by order entered 31 December 2012. It also denied defendant's claim for attorney's fees. The trial court found that plaintiff was unemployed, that she stopped working while pregnant

with the parties' child and has not worked since,[1] that she does not have any income, and that her current bank statement reflected a balance of $717.07. The trial court found that defendant, by contrast, is a Lieutenant Colonel in the United States Army and "earns a gross income of approximately $10,883.06 per month." Finally, the court found that plaintiff's actions for "custody and support were filed in good faith[] [and] that [she] has insufficient means to defray the costs of her action." As an alternate ground to support its order, the trial court concluded that Rule 11 sanctions were appropriate because defendant had fired two attorneys in bad faith, unnecessarily delaying the proceedings. The court awarded plaintiff $11,282.50 in attorney's fees. Defendant filed timely notice of appeal to this Court.

## II. Basis for Attorney's Fee Award

On appeal, defendant argues that the trial court erred in awarding attorney's fees to plaintiff because the Agreement should have precluded such an award and, in any event, the trial court did not make adequate findings supported by the evidence to justify a statutory award of attorney's fees. We disagree.

Defendant primarily argues on appeal that the trial court erred in awarding attorney's fees under N.C. Gen. Stat. § 50-13.6 rather than under the Agreement and that the court could not award attorney's fees to plaintiff under the Agreement because the Agreement provides that "the losing party" is responsible for "all legal fees and costs." Defendant contends that plaintiff is the "losing party" here.

To decide this issue, we must first identify the basis of the attorney's fee award. "The recovery of attorney's fees is a right created by statute. [Generally,] [a] party can recover attorney's fees only if such a recovery is expressly authorized by statute." *Burr v. Burr*, 153 N.C. App. 504, 506, 570 S.E.2d 222, 224 (2002) (citations and quotation marks omitted). Attorney's fees may be awarded on a claim for child custody or support pursuant to N.C. Gen. Stat. § 50-13.6. However, attorney's fees may also be awarded under a separation agreement entered into pursuant to N.C. Gen. Stat. § 52-10.1 that provides for attorney's fees, unless the provision is otherwise contrary to public policy. *Bromhal v. Stott*, 341 N.C. 702, 705, 462 S.E.2d 219, 221 (1995); *Edwards v. Edwards*, 102 N.C. App. 706, 712-13, 403 S.E.2d 530, 533-34, *disc. rev. denied*, 329 N.C. 787, 408 S.E.2d 518 (1991).

---

1. One of the provisions of the Agreement was that "Wife agrees to remain a stay-at-home parent until such time as the minor child starts school in August, 2011."

Here, plaintiff requested attorney's fees under both the Agreement and N.C. Gen. Stat. § 50-13.6; defendant requested attorney's fees in his counterclaim under N.C. Gen. Stat. § 50-13.6.[2] Thus, based upon the parties' pleadings, and depending upon the issues addressed, the trial court might have the option of awarding attorney's fees under the Agreement, under N.C. Gen. Stat. § 50-13.6, or both.

A. Separation Agreement

Although the custody and support provisions of the Agreement were superseded by the consent order regarding custody and support, the Agreement was never incorporated into a court order. Therefore, it remained "a contract, to be enforced and modified under traditional contract principles." *Walters v. Walters*, 307 N.C. 381, 386, 298 S.E.2d 338, 342 (1983).

> It is the general law of contracts that the purport of a written instrument is to be gathered from its four corners, and the four corners are to be ascertained from the language used in the instrument. When the language of the contract is clear and unambiguous, construction of the agreement is a matter of law for the court and the court cannot look beyond the terms of the contract to determine the intentions of the parties.

*Lynn v. Lynn*, 202 N.C. App. 423, 431, 689 S.E.2d 198, 205 (citations, quotation marks, and ellipses omitted), *disc. rev. denied*, 364 N.C. 613, 705 S.E.2d 736 (2010).

The full attorney's fees provision in the separation agreement states:

> 28. **COUNSEL FEES UPON BREACH** In the event it becomes necessary to institute legal action to enforce compliance with the terms of this Agreement or by reason of the breach by either party of this Agreement, then the parties agree that at the conclusion of such legal proceeding, the losing party shall be solely responsible for all legal fees and costs incurred by the other party, such fees and costs to be taxed the [sic] Court. The amount so awarded shall be in the sole discretion of the presiding judge and

---

2. Neither plaintiff nor defendant cited a particular statute in their pleadings, but the wording of the requests is clearly based upon N.C. Gen. Stat. § 50-13.6. We also note that attorney's fees may be awarded based upon N.C. Gen. Stat. § 1A-1, Rule 11, and that plaintiff also filed a motion based upon this rule. This basis was an alternative in the trial court's order, but we will discuss that separately below.

the award shall be made without regard to the financial ability of either party to pay, but rather shall be based upon fees and expenses determined by the Court to be reasonable and incurred by the prevailing party. It is the intent of this paragraph to induce both Husband and Wife to comply fully with the terms of this Agreement to the end that no litigation as between these parties is necessary in the areas dealt with by this Agreement. In the event of litigation, it is the further intent to specifically provide that the losing party pays all reasonable fees and costs that either side may incur.

Given that this case involved several claims and was resolved by consent order, it is difficult to say who was the "losing party" and who was the "prevailing party." Plaintiff sought four types of substantive relief in her complaint: (1) a custody order preserving the status quo, (2) guideline child support, (3) a TRO, and (4) specific performance of the separation agreement's alimony provisions. In his counterclaim, Defendant sought primary physical custody of the parties' minor child and attorney's fees based upon N.C. Gen. Stat. § 50-13.6. In addition, both parties filed numerous motions which we have not listed here in detail, related to their respective claims.

Neither party was a clear winner or loser, although plaintiff prevailed on more of the issues she raised than defendant. Plaintiff did receive a "mutual" TRO by consent of the parties, based upon N.C. Gen. Stat. § 1A-1, Rule 65, restraining each party from harassing the other, but there is no attorney's fee claim under Rule 65, nor does this TRO appear to be based upon any specific provision of the Agreement.[3] Plaintiff was not able to preserve the "status quo" for custody, as defendant was ultimately awarded greater responsibility under the 2012 consent order than under the 2009 agreement. Plaintiff was not awarded specific performance of the alimony provisions in the 2009 agreement—although defendant did agree to pay her $8,072, apparently to settle that claim.

Defendant also did not prevail on his sole request in his counterclaim for primary physical custody. In addition, defendant's counterclaim for primary custody was not an action which was necessary "to enforce compliance with the terms of this Agreement or by reason of the breach by either party of this Agreement," as he was not seeking to continue the

---

3. There was a general "no harassment" provision in the Agreement but it was not mentioned in Plaintiff's complaint, and since each party was ordered not to harass the other, there is no "winner" or "loser" here, even if it was based upon the Agreement.

custodial arrangement under the Agreement and he did not claim that plaintiff had breached the custodial terms of the Agreement. Instead, he was actually seeking a modification of the custody arrangement giving him custodial rights superior to those he had under the Agreement.

Further, the issues of breach and specific performance were dismissed and not addressed in the 2012 consent order. The way the action was resolved, it was not treated as one for breach of the Agreement or for specific performance. Instead, the action essentially became one for Chapter 50 child custody and child support—completely separate from whatever the 2009 agreement provided.[4] Although the Agreement expresses the general intent "that the losing party pays all reasonable fees and costs that either side may incur" in litigation, it also does not preclude an award of statutory attorney fees in this situation, in which both parties requested statutory attorney fees under N.C. Gen. Stat. § 50-16.3 and there is no breach of agreement, specific performance, or a clear winner or loser.

We hold that the attorney's fees provision in the Agreement, by its plain terms, does not apply here, since there was no determination of a "breach" of the agreement or order for specific performance. Therefore, we must next consider whether the award of attorney's fees was justified under N.C. Gen. Stat. § 50-13.6 (2011).

B.   N.C. Gen. Stat. § 50-13.6

Defendant contends that the trial court erred in awarding attorney's fees under N.C. Gen. Stat. § 50-13.6 because its findings were inadequate, they did not reflect the evidence before the trial court, and because the trial court prevented him from presenting evidence about his ability to pay. Again, we disagree.

N.C. Gen. Stat. § 50-13.6 provides:

> In an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient

---

4. It is well established that the custody and support provisions of a separation agreement are always subject to later modification by the court. *See Kiger v. Kiger*, 258 N.C. 126, 129, 128 S.E.2d 235, 237 (1962) (noting that separation agreements "are not final and binding as to the custody of minor children or as to the amount to be provided for the support and education of such minor children." (citation omitted)).

means to defray the expense of the suit. Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding . . . .

To award attorney's fees in an action for custody and support,

[t]he trial court must make specific findings of fact relevant to: (1) The movant's ability to defray the cost of the suit, specifically that the movant is unable to employ counsel so that he may proceed to meet the other litigant in the suit; (2) whether the movant has initiated the action in good faith; (3) the attorney's skill; (4) the attorney's hourly rate charged; and (5) the nature and extent of the legal services performed.

*Cameron v. Cameron*, 94 N.C. App. 168, 172, 380 S.E.2d 121, 124 (1989) (citations omitted). Defendant only challenges the trial court's conclusion that plaintiff has insufficient means to defray the expenses of the suit.

[T]he trial judge has the discretion to award attorney's fees once the statutory requirements of G.S. Sec. 50-13.6 (1984) have been met. While whether the statutory requirements have been met is a question of law, reviewable on appeal, the amount of attorney's fees is within the sound discretion of the trial judge and is only reviewable for an abuse of discretion.

*Atwell v. Atwell*, 74 N.C. App. 231, 237-38, 328 S.E.2d 47, 51 (1985) (citation omitted).

Here, the trial court found that plaintiff is currently unemployed, that she stopped working while she was pregnant with the parties' child, and that she had not been employed since. The trial court also noted that plaintiff's bank statement reflected a balance of $717.07. The trial court found that plaintiff had incurred a total of $28,260 in attorney's fees for approximately 141 hours of work and that those fees—as well as the nature and scope of the representation—were reasonable. Additionally, the trial court made findings about defendant's monthly income of approximately $10,883. Further, there was evidence that plaintiff had no assets other than a savings account with a $197 balance, a 401K worth approximately $900, and a 2006 Honda Pilot. The expense of plaintiff's attorney's fees alone far exceeded the value of all of her assets combined.

The trial court concluded that plaintiff's actions were filed in good faith and that she had insufficient means to defray the costs of her action. These conclusions were supported by adequate findings relevant to "whether plaintiff, as litigant, is able to meet defendant, as litigant, on substantially even terms with respect to representation by counsel." *Quick v. Quick*, 305 N.C. 446, 461, 290 S.E.2d 653, 663 (1982). Each one of these findings was supported by averments in plaintiff's affidavits and the record evidence.

Defendant further argues that the trial court did not review the affidavits submitted by the parties. That fact is certainly not evident from the transcript and all of the parties' relevant affidavits and evidence on their respective incomes and employment statuses are in the record. In fact, the order provides specifically "that by and through counsel, the parties consented to proceed with the hearing for attorneys' fees via affidavit and have waived the opportunity to present sworn testimony." The transcript of the hearing fully supports this statement, as defendant's counsel repeatedly referred to the affidavits. Additionally, despite defendant's argument on appeal that he was unable to introduce evidence of his expenses, there is no indication whatsoever that defendant attempted to introduce such evidence or that the trial court refused to receive anything that he did offer to present. We see no basis for determining that the affidavits were not properly before the trial court or that the trial court improperly excluded other evidence. We will not presume error where none is shown in the record. *See King v. King*, 146 N.C. App. 442, 445-46, 552 S.E.2d 262, 265 (2001).

Finally, defendant argues that the trial court's findings are invalid because the findings in the written order "do not accurately reflect" what the trial court said from the bench at the hearing. Defendant cites no law in support of the contention that a trial judge is restricted to findings he rendered at a hearing when entering a written order. This argument is meritless. *See* N.C. Gen. Stat. § 1A-1, Rule 58 (2011) ("[A] judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court."); *Bumgardner v. Bumgardner*, 113 N.C. App. 314, 321, 438 S.E.2d 471, 475 (1994) (holding, under the former version of Rule 58, that the trial court's oral rendition of judgment did not constitute entry of judgment because the court had simply announced his intended judgment without making the necessary findings and conclusions); *In re Hawkins*, 120 N.C. App. 585, 589, 463 S.E.2d 268, 271 (1995) (noting that "the trial court's announcement in open court was not yet final as to be suitable for appellate review[] [because] [t]he findings of fact and conclusions of law were not set forth in final form."); *Mastin v. Griffith*, 133 N.C. App. 345, 346, 515 S.E.2d 494, 494 (1999) ("Announcement of

**HENNESSEY v. DUCKWORTH**

[231 N.C. App. 17 (2013)]

judgment in open court merely constitutes 'rendering' of judgment, not entry of judgment." (citation and quotation marks omitted)).

We hold that the trial court's findings were supported by plaintiff's affidavits and that the findings were sufficient to justify awarding plaintiff attorney's fees. Defendant does not challenge the amount of attorney's fees as unreasonable or unjustified, nor does he contest that this action is one for custody and support.

Because we uphold the trial court's award of attorney's fees we need not address the court's alternate ground of Rule 11 sanctions. Yet, we do feel compelled to note that Rule 11 would not seem to apply to defendant's decisions to change counsel during the course of litigation. Although the trial court made other findings which would be proper considerations under Rule 11, one of the trial court's primary findings in support of Rule 11 sanctions was that

> Defendant's present counsel, Kimberly M. Ferrier, is his third attorney; and that the Defendant caused unnecessary delays and expenses in the litigation due, in part, to his changing attorneys; and that Defendant's actions were in bad faith.

A litigant may wish to change counsel for many reasons, some perfectly valid and some foolish or even in "bad faith," and although the record before us does offer hints of the personal animosity between various counsel for the parties, it does not give any indication of the reasons for defendant's changes in counsel, only that they occurred.[5]

### III. Conclusion

We hold that the trial court properly awarded attorney's fees to plaintiff under N.C. Gen. Stat. § 50-13.6. Therefore, we affirm the trial court's order.

AFFIRMED.

Judges McGEE and BRYANT concur.

---

5. We further note that, in his appellate brief, defendant's counsel repeatedly used the phrase "upon information and belief" before making various factual assertions and made other statements of fact that were apparently from personal recollection or at the very least are not based upon the record. Such arguments are wholly inappropriate. *See Sood v. Sood,* ___ N.C. App. ___, ___ n.4, 732 S.E.2d 603, 608 n.4 (admonishing counsel for including "his personal recollection of events at trial or after as part of his argument in an appellate brief."), *cert. denied, disc. rev. denied, and app. dismissed,* 366 N.C. 417, 735 S.E.2d 336 (2012); N.C.R. App. P 9(a). Appellate counsel should make arguments based on the facts in the record, not "upon information and belief."