IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA20-106

Filed: 21 July 2020

Watauga County, No. 18 CVD 657

JAMIE D. SHERRILL, Plaintiff,

v.

JOSEPH C. SHERRILL, Defendant.

Appeal by defendant from order entered 26 November 2019 by Judge Hal G. Harrison in Watauga County District Court. Heard in the Court of Appeals 10 June 2020.

*Rivenbark Attorney at Law, P.C., by Nancy M. Rivenbark, for plaintiff.*

*Miller & Johnson, PLLC, by Andrea M. Fink, for defendant.*

ARROWOOD, Judge.

Joseph C. Sherrill ("defendant") appeals from trial court order awarding attorney fees to Jamie D. Sherrill ("plaintiff") following a child custody dispute. Defendant argues the trial court erred in awarding attorney fees by: (1) finding plaintiff has insufficient means to defray the costs of the lawsuit; (2) denying defendant's motion to dismiss; (3) making erroneous findings as to plaintiff's income; and (4) miscalculating plaintiff's expenses. For the following reasons, we reverse and remand.

I.     Background

Plaintiff and defendant were marred on 31 August 2014 and separated on 19 November 2018. Two children were born into the marriage (hereinafter the "minor children"). On 30 November 2018, plaintiff filed a motion for *ex parte* emergency custody of the minor children. On 8 and 30 July 2019, a hearing was held on the matter of permanent child custody. On 9 August 2019, the trial court entered a written order awarding custody of the minor children to plaintiff. On 31 October 2019, the trial court held a hearing addressing plaintiff's motion for attorney fees.

At the hearing, defendant conceded the issues of whether plaintiff was an interested party, and whether she had acted in good faith. Thus, the only issue before the trial court was whether plaintiff had insufficient means to defray the costs of the child custody suit. Plaintiff presented evidence including her own testimony and that of her mother, as well as proof of her income, debt, and expenses. Plaintiff testified that she currently worked as a kindergarten teacher and as a part-time adjunct professor at Appalachian State University, but would soon be leaving the university position in the following months. At the time of the hearing, however, she received a net monthly income of $3,482.07 as a kindergarten teacher and $1,336.42 as a part-time professor, for a total monthly income of $4,818.49. Plaintiff also received $900.00 in child support from defendant per month. Plaintiff further presented and testified to an expense sheet she prepared which detailed her expenses and those of

the minor children. Pursuant to the expense sheet, plaintiff's expenses totaled an amount of $3,758.64 monthly. Plaintiff testified she was currently able to meet her expenses.

At the close of plaintiff's presentation of evidence, defense counsel moved to dismiss plaintiff's claim for attorney fees on the ground that plaintiff had not proven she had insufficient means to defray the costs of the litigation. Defendant did not offer any evidence. The trial court denied the motion. The trial court subsequently entered a handwritten order granting plaintiff's claim for attorney fees. In its order, the trial court found that plaintiff will lose the income she earns at Appalachian State University and calculated her net monthly earnings to include only the income she earned as a kindergarten teacher and payments she received for child support. It further found that plaintiff's monthly expenses were $3,758.64, and that her monthly income would decrease due to additional withholdings. Based on its findings, the trial court concluded plaintiff had insufficient means to defray the costs of this action. On 26 November 2019, a typewritten order memorializing the handwritten order was entered and defendant timely filed a notice of appeal.

## II.    Discussion

Defendant raises several arguments on appeal, in which he essentially contends the trial court erred in awarding attorney fees by: (1) miscalculating plaintiff's income and finding plaintiff has insufficient means to defray the costs of

litigation; (2) miscalculating plaintiff's expenses; and (3) denying defendant's motion to dismiss.

"In a custody and support action, once the statutory requirements of [N.C. Gen Stat. §] 50-13.6 have been met, whether to award attorney's fees and in what amounts is within the sound discretion of the trial judge and is only reviewable based on an abuse of discretion." *Savani v. Savani*, 102 N.C. App. 496, 505, 403 S.E.2d 900, 905-906 (1991) (citing *Atwell v. Atwell*, 74 N.C. App. 231, 237-38, 328 S.E.2d 47, 51 (1985)). However, "[w]hether [the] statutory requirements [of N.C. Gen. Stat. § 50-13.6] have been met is a question of law, reviewable on appeal." *Taylor v. Taylor*, 343 N.C. 50, 54, 468 S.E.2d 33, 35 (1996) (quotation marks omitted) (quoting *Hudson v. Hudson*, 299 N.C. 465, 472, 263 S.E.2d 719, 724 (1980)). "In addition, the trial court's findings of fact must be supported by competent evidence." *Conklin v. Conklin*, __ N.C. App. __, __, 825 S.E.2d 678, 680 (2019). "Only when these requirements have been met does the standard of review change to abuse of discretion for an examination of the amount of attorney's fees awarded." *Schneider v. Schneider*, 256 N.C. App. 228, 229, 807 S.E.2d 165, 166 (2017) (quoting *Doan v. Doan*, 156 N.C. App. 570, 575, 577 S.E.2d 146, 150 (2003)).

N.C. Gen. Stat. § 50-13.6, provides, in pertinent part:

> In an action or proceeding for the custody or support, or both, of a minor child, . . . the court may in its discretion order payment of reasonable attorney's fees to an

interested party acting in good faith who has insufficient
means to defray the expense of the suit. . . .

N.C. Gen. Stat. § 50-13.6 (2019). "We have interpreted this provision as requiring that before attorney's fees can be taxed in an action for custody or in an action for custody and support, the facts required by the statute—that the party seeking the award is (1) an interested party acting in good faith, and (2) has insufficient means to defray the expense of the suit—must be both alleged and proved." *Taylor*, 343 N.C. at 54, 468 S.E.2d at 35 (citing *Hudson*, 299 N.C. at 472, 263 S.E.2d at 723). "A party has insufficient means to defray the expense of the suit when he or she is 'unable to employ adequate counsel in order to proceed as litigant to meet the other spouse as litigant in the suit.'" *Lawrence v. Tise*, 107 N.C. App. 140, 153, 419 S.E.2d 176, 184 (1992) (quoting *Hudson*, 299 N.C. at 474, 263 S.E.2d at 725).

In the case before us, defendant conceded that plaintiff was an interested party and had acted in good faith. Defendant only challenges the trial court's findings supporting its conclusion that plaintiff has insufficient means to defray the costs of the underlying child custody suit. We first address defendant's contention the trial court erred calculating plaintiff's income. Specifically, we consider that part of his argument contesting the trial court's disregard of the income plaintiff received as an adjunct professor.

In its order, the trial court made the following findings of fact:

5.  As a result of this custody proceeding, the Plaintiff has been required to relocate her residence to Burke County to the home of her parents. This move required her to change her employment to the Burke County School system as a teacher. Furthermore, she will lose the income she earns at Appalachian State University as an adjunct professor in the amount of $1,300.00 monthly.

6.  Plaintiff has net monthly earnings of $3,482.07, together with $900.00 per month child support from the Defendant. The parties share equally in all uninsured medical expenses for their two (2) minor children. Plaintiff has monthly expenses of $3,758.64. Her monthly income will decrease due to additional withholdings.

7.  Plaintiff's parents are requiring Plaintiff to pay the charges incurred on the credit card [that they allowed Plaintiff to charge all of her legal fees on] as follows:

    a.  Attorney fees – $15,985.50;
    b.  Costs – $234.00.

    . . . .

10.  Plaintiff has insufficient means to defray all of these costs and fees.

In making its finding that "Plaintiff has net monthly earnings of $3,482.07," the trial court appears to have included only the income plaintiff receives from her position as a kindergarten teacher, and omitted the $1,300.00 it found that she was receiving at the time from Appalachian State University. However, a review of this Court's cases makes clear that the trial court, when calculating a party's income, must calculate

the income as it exists at the time of trial, not base its calculations on anticipated future earnings.

For instance, in *Savani*, we found that the trial court's finding that the plaintiff had insufficient means to defray the expense of the action was supported by competent evidence where the evidence showed that "*[a]t the time of the hearing*, defendant had a gross income of $5,250.00 per month [and] [t]he plaintiff presented evidence showing a gross income of $1,189.00 per month." 102 N.C. App. at 503, 403 S.E.2d at 904-905 (emphasis added). In *Lawrence*, in considering a party's claim for attorney fees, this Court noted that "[t]he evidence reveals that Mother incurred legal fees in connection with this action in the amount of $6741.00; that her monthly gross income *is* $215.00 and that her monthly expenses exceed her gross income[.]" 107 N.C. App. at 153, 419 S.E.2d at 184 (emphasis added). We thus considered only her current gross income and expenses. *See also Hennessey v. Duckworth*, 231 N.C. App. 17, 23, 752 S.E.2d 194, 199 (2013) (upholding an award of attorney fees where "the trial court found that plaintiff is *currently* unemployed") (emphasis added).

Here, plaintiff's own testimony revealed that, at the time of the hearing, she worked as a kindergarten teacher and a part-time adjunct professor at Appalachian State University. She received a net monthly income of $3,482.07 as a kindergarten teacher and $1,336.42 as a part-time professor, and thus had a total monthly income of $4,818.49. The trial court's finding that "Plaintiff has net monthly earnings of

$3,482.07" is thus unsupported by the evidence. Though plaintiff testified she would soon be leaving the university position in the following months, the trial court was required to calculate plaintiff's earnings as they existed at the time of the hearing, not as they would allegedly stand in the future. We thus hold the trial court erred in finding plaintiff had net monthly earnings of $3,482.07. Had the trial court correctly calculated plaintiff's monthly earnings from employment, the amount would have exceeded her monthly expenses of $3,758.64, and the trial court may not have concluded plaintiff had insufficient means to defray the costs of the action. *See Taylor*, 343 N.C. at 55, 468 S.E.2d at 36 (upholding a denial of attorney fees where the plaintiff's income exceeded her expenses).

Though the dissent would affirm this matter on the basis there was no abuse of discretion, we note that before this Court can apply that standard, we must first address whether the trial court properly complied with the mandate of N.C. Gen. Stat. § 50-13.6, which is a question of law subject to *de novo* review. In the case before us, the trial court, in miscalculating plaintiff's income by disregarding a substantial portion of it, could not have properly determined whether plaintiff had "insufficient means" to defray the costs of the suit under the statute. Moreover, our holding today is not that the trial court could not have reasonably reached the same conclusion had it properly calculated plaintiff's income. Indeed, it is conceivable that the trial court could have included the income plaintiff was currently receiving from Appalachian

State University and still concluded that she had insufficient means to defray the costs of the suit if it found, for instance, that requiring plaintiff to pay her attorney's fees would result in the unreasonable depletion of her estate. *See Lawrence*, 107 N.C. App. at 153-54, 419 S.E.2d at 185 (awarding attorney's fees because the plaintiff's income was not sufficient to pay her legal expenses and she was "not required to deplete her small estate in order to pay those expenses."). However, that is not what happened in this case. We thus hold that in determining whether a party is entitled to attorney fees under N.C. Gen. Stat. § 50-13.6, the trial court must consider the party's income as it existed at the time of trial, and we remand on that basis. Because we reverse on this ground, we decline to consider defendant's other arguments.

### III.    Conclusion

For the foregoing reasons, we reverse the trial court's order and remand for further determination in a manner not inconsistent with this opinion.

REVERSED AND REMANDED.

Judge YOUNG concurs.

Judge DILLON dissents by separate opinion.

DILLON, Judge, dissenting.

I do not believe that Judge Harrison abused his discretion by ordering Defendant to pay attorneys' fees in this case. Accordingly, I dissent.

The majority takes issue that Judge Harrison considered the fact that Plaintiff was about to lose income she earned as an adjunct professor at Appalachian State University because she was having to move away. She testified that her income as an adjunct was sporadic and varied from semester to semester. Judge Harrison did not ignore this income in his order, but made a finding as to what she was earning when he entered the order in late November 2019. He also found, though, that this income was about to end. I do not think it was an abuse of discretion for Judge Harrison to consider this fact in considering whether Plaintiff had sufficient means to defray her legal expenses.

The majority suggests that it is error for a trial court to consider anything other than a party's current income, without regard as to whether the income is likely to be recurring. I disagree. What if the party was a real estate broker and earned a one-time, large commission in the month of the hearing or if the party earned a one-time capital gain?[1] I believe it is appropriate for the trial court to consider that

---

[1] By way of example, consider a party whose attorneys' fees are $50,000.00 and normally makes just enough to live on. If that party happens to earn a one-time $10,000 bonus in the month of the hearing, I do not think it is an abuse of discretion for the trial court *not* to assume that the party has $10,000 in excess income each month and could pay her attorney's fees in five months. It would

certain income is not likely to continue in exercising its discretion in determining whether a party has the ability to pay her attorneys' fees, so long as the trial court does not ignore the fact that the party earned the non-recurring income, as occurred here. Indeed, the statute requires the trial court to determine whether a party seeking attorneys' fees "has insufficient means to defray the expense of the suit." N.C. Gen. Stat. § 50-13.6 (2019).

Also, Defendant argues that the trial court should have considered the $900 of child support that he was paying Plaintiff as part of Plaintiff's income. Judge Harrison *did* consider this income to find that Plaintiff's income slightly exceeded her expenses. But Judge Harrison also found that Plaintiff's tax withholding was increasing, which would reduce her net cash flow, a finding that was supported by evidence in the record.[2]

Defendant, though, further argues that it was error for Judge Harrison to order Defendant to defray Plaintiff's attorneys' fees where he made a finding that Plaintiff's income slightly exceeded her expenses. Defendant cites cases supporting this proposition. However, in these cases, we simply held that it was not an abuse of discretion for a trial court to deny a request for attorneys' fees based on findings that

---

certainly be appropriate for the trial court to still award some amount of fees based on a finding, supported by the evidence, that the party will not have excess income going forward.

[2] Defendant notes that it was a non-CPA who testified that the withholdings were increasing. However, Defendant does not argue that he objected to the testimony. Accordingly, it was not inappropriate for Judge Harrison, as the fact-finder, to consider the testimony in making his findings.

the party requesting the fees has income that exceeds her expenses. But those cases do not hold that it would necessarily be an abuse of discretion for a trial court to award attorneys' fees in certain situations where the party may currently have a slight surplus in her *net* income. And here, Judge Harrison found that Plaintiff's temporary surplus would be diminishing because of the increase in tax withholdings.

I, therefore, conclude that Judge Harrison's order was not an abuse of discretion. Perhaps other judges would not have ordered fees to be paid on the same findings. But I do not believe that Judge Harrison exceeded his discretionary authority.